**ISTHMIAN S. S. CO. v. LE BARON et al.**

District Court, S. D. New York.

April 19, 1946.

224

Kirlin, Campbell, Hickox & Keating, of New York City (A. V. Cherbonnier, of New York City, and J. J. McDonnell, of Brooklyn, of Counsel), for plaintiff.

Owsley Vose, of Washington, D. C., and Jerome I. Macht, of New York City, for National Labor Relations Board.

Owsley Vose, of Washington, D. C., and Jerome I. Macht, of New York City, for Howard LeBaron, Regional Director of National Labor Relations Board for Second Region.

MANDELBAUM, District Judge.

Plaintiff seeks a temporary injunction against the Regional Director, designated by the National Labor Relations Board for the Second Region, and the National Labor Relations Board. It is sought to restrain them from including employees of the United States in an election to determine the collective bargaining representatives, if any, designated or selected by a majority of plaintiff's employees as provided for under Sec. 9 of the National Labor Relations Act, 29 U.S.C.A. § 159.

The application is predicated upon Sec. 2 of the National Labor Relations Act 29 U.S.C.A. § 152, which defines employer as follows: "The term 'employer' includes any person acting in the interest of an employer, directly or indirectly, but shall not include the United States, or any State or political subdivision thereof * * *".

Both defendants have filed cross-motions. National Labor Relations Board appears specially to quash the summons and all proceedings in this action, and the Regional Director, appearing generally, moves to dismiss the complaint and for a denial of plaintiff's application for a preliminary injunction.

With respect to the National Labor Relations Board, the motion to quash must be granted. The board is located in Washington and is an "inhabitant" of the District of Columbia within the statute providing that no suit shall be brought in any district other than that in which the defendant is an inhabitant. 28 U.S.C.A. § 112; Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F.2d 97, certiorari denied 299 U.S. 559, 57 S.Ct. 21, 81 L.Ed. 41; International Molders Union v. National Labor Relations Board, D.C., 26 F.Supp. 423; Jamestown Veneer & Plywood Corp. v. National Labor Relations Board, D.C., 13 F.Supp. 405.

This leaves the remaining question as to whether this court has jurisdiction over the subject matter of the complaint and whether plaintiff has stated a cause of action entitling it to equitable relief.

From the complaint, it appears that the National Labor Relations Board entered an order on March 19, 1946 directing the

Regional Director to conduct an election among certain specified employees on vessels owned and/or operated by plaintiff. Then follow allegations which state that the Regional Director unlawfully and illegally joined employees of the United States with plaintiff's employees in an election to determine the collective bargaining representative, if any, of plaintiff's employees. And finally, that this action by the Regional Director will result in unstable labor relations and will cause plaintiff irreparable harm.

I gather from the papers submitted that the sole function of the Regional Director is to hold an election and certify the results thereof to the Board.

The courts have time and again refused to enjoin intermediate proceedings before the Board, including the conduct of elections in representation cases.

In Myers v. Bethlehem Corp. 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, the Supreme Court held that the District Court was without power to enjoin the Board from holding hearings. It rejected the contention that a hearing would subject the moving party to irreparable damage or that rights guaranteed by the Federal Constitution would be denied unless it were held that the District Court had jurisdiction to enjoin the holding of a hearing by the Board. See also Bradley Lumber Co. v. National Labor Relations Board, supra; E. I. Dupont De Nemours & Co. v. Boland, 2 Cir., 85 F.2d 12.

■ Plaintiff attempts to draw a distinction between the Myers case and the one at bar. I am persuaded that any distinction is purely factual. The same principle is involved. The action of the Regional Director in certifying the results of the election to the Board does not determine plaintiff's rights or affect them in any way. If, after the certification, the Board enters a final order, of which the plaintiff feels aggrieved, it may review that order by a direct appeal to the Circuit Court of Appeals where an adequate opportunity is afforded to secure judicial protection against any claimed illegal action on the part of the Board, Myers v. Bethlehem Corp., supra.

■ There has been no showing by the plaintiff that the election will cause it such irreparable damage as would entitle it to invoke the equity jurisdiction of this court. Mere allegations without factual substantiation are insufficient, Bradley Lumber Co. v. National Labor Relations Board, supra, E. I. Dupont De Nemours v. Boland, supra.

I am of the opinion that the plaintiff has a full, adequate and complete administrative remedy under the Act, which it has not exhausted.

The motion for a temporary injunction is denied and the crosss-motion to dismiss the complaint is granted.