In the Matter of BURSTEIN–APPLEBEE COMPANY, Debtor.

C. Michael FRANKE, trustee in bankruptcy, Plaintiff,

v.

B–A SYSTEMS, INC., Allen E. Fishman, Pam Sander, Harold Kopitsky, and Barry M. Kash, Defendants.

Bankruptcy No. 80–00968–3.
Adv. No. 83–0931–3.

United States Bankruptcy Court, W.D. Missouri, W.D.

Aug. 8, 1983.

John R. Stonitsch, Kansas City, Mo., for plaintiff.

Leland M. Shurin, G. Spencer Miller, Loren Rea, Kansas City, Mo., for defendants.

ORDER DENYING DEFENDANTS' RE-SPECTIVE MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM; QUASHING SERVICE OF SUMMONS; DIRECTING FILING OF AMENDED COMPLAINT AND PROPER SERVICE OF NEW SUMMONS; AND RESETTING TRIAL DATE

DENNIS J. STEWART, Bankruptcy Judge.

██ Plaintiff sues for an order of the bankruptcy court enjoining the defendants from maintaining a state court action against him. The defendants Sander and Fishman move to dismiss the complaint for failure to state a cause of action on which relief may be granted. They state that section 959(a), Title 28, United States Code, permits the state court action to continue because that section provides that:

"Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."

It has been held that this section "establishes a clear exception to blanket stays entered by a reorganization court." *Haberern v. Lehigh & N.E. Ry. Co.,* 554 F.2d 581, 585 (3d Cir.1977). But it does not supplant the power of the bankruptcy court to enjoin the proceedings in which an action is brought against a trustee. It is only "(w)here . . . the reorganization court has not specifically enjoined the suit at issue after due consideration (that) the statutory provisions of 28 U.S.C. section 959(a) prevail over the blanket provisions." *Id.* Section 959(a), *supra,* is held "to present no obstacle to a court of equity in the exercise of its inherent power to protect its jurisdiction in respect of property of which it has taken possession." *Diners Club, Inc. v. Bumb,* 421 F.2d 396, 399 (9th Cir.1970). Accordingly, "(i)f a plaintiff (is) at liberty to sue the receiver in any competent court without prior leave, so (is) the appointing court at liberty to use its injunctive powers to protect the receiver, or to guard the property in its custody." *Id.*

Accordingly, in calling upon the appointing court to issue its injunction to protect its exclusive jurisdiction over the property of the debtor (the trustee includes an assertion in his complaint of the bankruptcy court's exclusive jurisdiction), the trustee must necessarily be regarded as stating a claim upon which relief might be granted. For it is proper to issue the requested injunction upon a showing "that prosecution of the action would embarrass the administration of the debtor's estate." 421 F.2d at 402. The motion to dismiss for failure to state a claim must therefore be denied.

██ The defendants Sander and Fishman also move to quash service of summons on the ground that the complaint in this action is styled as an "application for a show cause order on why an injunction should not be issued against plaintiff's (sic), enjoining a state court action against trustee." Further, it is urged that a copy of the summons and petition was simply mailed to the counsel herein who is not an agent authorized by appointment or law for purposes of receiving service of process in this matter. The court laments that the complaint is improperly styled and does not include in its style the names of all the defendants whom the plaintiff intends to sue. Further, the objection to service appears meritorious. The provisions of the applicable bankruptcy rules provide for service by mail upon the party himself or upon an agent authorized to receive service for that party. There is no showing in the certificate of service or otherwise that service has been made upon any agent who can be deemed authorized to receive service. Service of summons must therefore be quashed; new summons issued; an amended complaint filed; and, due to the additional time now required, the trial date postponed.

For the foregoing reasons, it is hereby

ORDERED that the motions of the defendants Sander and Fishman to dismiss for failure to state a claim be, and they are hereby, denied. After the preparation of the foregoing memorandum, the court was apprised of a motion filed by the defendants B–A Systems, Inc., Harold Kopitsky

and Barry M. Kash, raising the same contentions. Accordingly, their motion to dismiss for failure to state a claim must also be denied. It is further

ORDERED that the motions of the defendants Sander, Fishman, B–A Systems, Inc., Harold Kopitsky and Barry M. Kash to quash service of summons be, and they are hereby, granted and the plaintiff is accordingly directed to amend his complaint and serve summons, newly issued so as to contain reasonable response dates, served within 20 days of the date of entry of this order. And it is further

ORDERED that the trial set for August 16, 1983, at 11 a.m. be, and it is hereby, continued to September 16, 1983, at 11 a.m. in Room 945 United States Courthouse, 811 Grand Avenue, Kansas City, Missouri.