**In re BAPTIST MEDICAL CENTER OF NEW YORK, Debtor.**

**BAPTIST MEDICAL CENTER OF NEW YORK, Plaintiff,**

**v.**

**Dr. Amar Jit SINGH, Defendant.**

**Bankruptcy No. 181–10703–353.**

**Adv. No. 187–0110.**

United States Bankruptcy Court, E.D. New York.

Dec. 23, 1987.

Martin Bunin, Parker, Chapin, Flattau & Klimpl, New York City, for trustee.

William P. Laino, Lynch, Rowin, Burnbaum & Crystal, P.C., New York City, for defendant.

Glenn E. Kushel, Brooklyn, N.Y., for defendant.

DECISION AND ORDER ON MOTION TO DISMISS AND RECOMMENDATION ON REQUEST FOR ABSTENTION

JEROME FELLER, Bankruptcy Judge.

Before this Court is a motion filed by Defendant seeking a dismissal of an amended adversary complaint filed by the trustee in Adversary Proceeding No. 187–0110 for failure to state a claim upon which relief may be granted, or in the alternative, abstention by this Court.

After reviewing the motion papers, pleadings, memoranda of law submitted by the parties, applicable law, and for the reasons hereinafter set forth, Defendant's motion to dismiss is denied as to the first and third causes of action, and granted as to the second cause of action, and it is recommended that his request for abstention be denied.

## I. FACTUAL BACKGROUND

Baptist Medical Center ("Debtor" or "BMC") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), 11 U.S.C. § 301, on March 3, 1981. The Debtor thereafter continued in the operation and management of its business and properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. On March 13, 1987, more than six years after the filing, a stipulation and order was entered by this Court appointing Frank A. Romano as Chapter 11 operating trustee ("Trustee") for the estate of BMC pursuant to § 1104(a) of the Bankruptcy Code, and counsel for the Trustee was thereafter appointed on July 22, 1987.

BMC, until recently, operated a hospital [1] and continues to operate a 140 bed skilled nursing home facility located at 2749 Linden Boulevard, Brooklyn, New York. The history of this hospital in Chapter 11 has tragically been marked by turbulent infeuding, factionalism and power struggles. The disputants in this adversary proceeding are the Trustee and Dr. Amar Jit Singh ("Singh" or "Defendant"), a former medical director at BMC and an attending physi-

---

**1.** On August 24, 1987, the U.S. Department of Health and Human Services terminated BMC's status as a medicare provider. On September 15, 1987, the United States District Court for the Eastern District of New York denied the Trustee's motion for a preliminary and permanent injunction requiring the Department of Health and Human Services to continue BMC as a medicare provider. Without medicare reimbursement, BMC lacked sufficient funds to continue full operations. Accordingly, on October 10, 1987, BMC was forced to close its hospital.

cian with certain clinical privileges at the hospital.

For reasons hotly disputed by the parties both in this adversary proceeding as well as in a pending state court action, hereinafter described, commenced by Singh, the then Acting Executive Director of BMC terminated Singh's employment as medical director of BMC on October 28, 1986. It is asserted that Singh's employment was terminated "due to the need for cost containment" (Trustee's amended complaint, ¶ 9). Singh, on the other hand, alleges the existence of a conspiracy at BMC against him, and that his termination was an act of retaliation by the conspiracy for Singh's vocal criticism of the administration at BMC. (Singh's verified complaint in state court action, ¶¶ 31–41). The Trustee alleges that as a direct result of being fired, Singh commenced to harm and undermine the administration of BMC (Trustee's amended complaint ¶¶ 10–11). Such harassment allegedly manifested itself in the form of serious accusations made against the administration regarding alleged acts of negligence by doctors, lack of quality care at the hospital, and misdoings by the administration.

All attempts by various in-house committees to review and investigate Singh's serious accusations failed because of in-house feuding. After findings by the various committees, the medical board at BMC and the Trustee, that Singh had "commenced a program of harassment against the administration of BMC" (Trustee's amended complaint, ¶ 14), and that his "insubordinate" conduct was allegedly "directed at the Trustee" and "disruptive to the operation of the facility" (Trustee's amended complaint, ¶ 21), the Trustee suspended Singh's clinical privileges at BMC on April 28, 1987 pending a hearing to be granted on Singh's request, before the medical board. The Trustee alleges that Singh never requested a hearing and that he allegedly continued to accept new consultations. The Trustee also asserts that after he ordered that Singh not enter the premises of BMC,

Singh did so, "allegedly causing a commotion," and New York City Police had to be called in to remove him (Trustee's amended complaint, ¶ 22).

The raging feud shifted from the hospital to the state courtroom when on April 10, 1987, Singh filed a verified complaint in the Supreme Court of the State of New York, Kings County (*Singh v. Kalish*, et al., Index No. 461/87, hereinafter "Pending Action") against the Acting Executive Director of BMC, the Trustee, BMC,[2] and a host of other alleged "co-conspirators". The complaint charges as a first cause of action, breach of the employment contract, for which Singh seeks $500,000 in damages. As a second cause of action, Singh seeks a court declaration that he was improperly terminated as medical director and deprived of his clinical privileges, an injunction prohibiting the prosecution of disciplinary proceedings against him and a reinstatement as medical director with membership on the medical board and clinical privileges at the hospital. Additionally, for a host of tort claims including libel, slander, emotional distress and interference with contract, Singh seeks $10 million in compensatory damages and $100 million in punitive damages.

On May 14, 1987, Singh obtained from the State Court a temporary restraining order overriding the Trustee's April 28, 1987 suspension of his clinical privileges and the earlier termination of Singh's employment as medical director. By order to show cause, dated May 21, 1987, this Court scheduled a hearing to determine whether Singh should be permanently restrained and enjoined from utilizing any consulting or other privileges at BMC, from entering upon the premises of BMC, from further prosecuting the Pending Action, and punished for contempt of court. Anticipating an early hearing on the merits, this Court issued a T.R.O., temporarily reinstating the Trustee's suspension of Singh, restraining and enjoining Singh from utilizing his privileges at BMC, barring him from entering

---

**2.** Movant Singh did not indicate anywhere in the complaint that Mr. Romano was acting as the Chapter 11 operating Trustee of the Debtor

or that BMC was, in fact, a Chapter 11 Debtor in this Court.

upon the premises at BMC and enjoining the continued prosecution of the Pending Action as against the Trustee and BMC.

Some ten days later, BMC commenced an adversary proceeding by filing a complaint seeking the same relief sought in the motion underlying the order to show cause. On July 10, 1987, Singh moved to dismiss this complaint.[3] On July 22, 1987, this Court granted the Trustee authority to prosecute the adversary proceeding and permission to amend the complaint. The amended complaint filed by the Trustee on or about August 19, 1987 states three causes of action: the first cause of action alleges that the Pending Action "irreparably interfere(s)" with the Debtor's reorganization and seeks to enjoin, under § 105(a) of the Bankruptcy Code, the Pending Action as against the Trustee and BMC; the second cause of action states that Singh impermissibly commenced the Pending Action and therefore: (1) this Court should not grant leave to Singh to continue the action and (2) this Court should enjoin the Pending Action; the third cause of action states that this Court should use its § 105(a) power to permanently enjoin Singh from attempting to make use of any privileges at BMC or from entering BMC's premises.

On September 2, 1987, Singh moved this Court for an order dismissing the Trustee's amended adversary complaint for failure to state a cause of action upon which relief may be granted and for an order abstaining from exercising jurisdiction. Further memoranda of law were submitted and the parties requested that the matter be decided on the papers without hearing. It is this motion of Singh that is now before the Court.[4]

## II. MOTION TO DISMISS

■ The purpose of a motion under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), made applicable to bankruptcy proceedings by Bankruptcy Rule 7012(b), is to test the legal sufficiency as opposed to the factual basis of the claim for relief. *Oneida Indian Nation of Wisconsin v. State of New York*, 520 F.Supp. 1278, 1308 (N.D.N.Y.1981), affirmed in part, reversed in part on other grounds, 691 F.2d 1070 (2d Cir. 1982); *Commission on Independent Colleges and Universities v. New York Temporary State Comm'n on Regulation of Lobbying*, 534 F.Supp. 489, 492 (N.D.N.Y. 1982); *See* also, 5 Wright & Miller, *Federal Practice and Procedure: Civil*, § 1356 (1969). The issue in this motion, then, is not whether plaintiff, here, the Trustee, will ultimately prevail on his claim or is likely to prevail, but whether he is entitled to offer evidence in support of his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Comm. on Indep. Colleges, supra.*, 534 F.Supp. at 493. The issue being such, the complaint need only satisfy the liberal notice pleading requirements set forth in F.R. C.P. 8(a), made applicable to bankruptcy proceedings by Bankruptcy Rule 7008(a), which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2).[5]

---

3. On July 14, 1987, the Honorable Charles P. Sifton, United States District Judge, vacated this Court's T.R.O. and remanded the matter to the Bankruptcy Court to hear the adversary proceeding.

4. Singh's dismissal motion is predicated upon Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion also makes passing reference to Rule 12(b)(1), a provision dealing with dismissal for lack of subject matter jurisdiction. Clearly, this Court has subject matter jurisdiction to hear and determine this adversary proceeding. 11 U.S.C. § 105(a), 28 U.S.C. § 1334(b), 28 U.S.C. § 157(b)(2). Furthermore, nowhere in Singh's voluminous submissions does he disclose the basis for a Rule 12(b)(1)

dismissal request. We can only assume that Singh has abandoned that effort or its presence in the motion to dismiss was a typographical error.

5. Movant Singh mistakenly asserts that claims for injunctive relief require more particularized and detailed pleading than Rule 8(a) calls for. A more than cursory reading of the cases he cites as precedent for this erroneous proposition proves them to be thoroughly inapposite to the case at bar. *Walsh v. Abrams (In re HGB Servicenter, Inc.)*, 45 B.R. 668 (Bkrtcy.E.D.N.Y.1985); *Isthmian S.S. Co. v. LeBaron*, 72 F.Supp. 223 (S.D.N.Y.1946); *Roll Form Products, Inc. v. All State Trucking Company (Matter of Roll Form Products, Inc.)*, 8 B.R. 479 (Bkrtcy.S.D.N.Y.

In directing its inquiry on a Rule 12(b)(6) motion to the sufficiency of the pleadings, the court must construe the complaint in the light most favorable to plaintiff, accept all plaintiff's allegations as true, and may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.[6] *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Holmes v. New York City Housing Authority,* 398 F.2d 262, 265 (2d Cir.1968); *Brandt–Airflex Corp. v. Long Island Trust Company (In re Brandt–Airflex Corp.),* 69 B.R. 701, 708 (Bkrtcy.E.D.N.Y.1987).

Applying these clear and undisputed maxims of construction to the Trustee's complaint, this Court finds that the complaint withstands the motion to dismiss on the first and third causes of action, but not on the second cause of action.

A. *First Cause Of Action*—The Trustee asserts in his first cause of action that this Court should employ the powers granted it under § 105(a) of the Bankruptcy Code to enjoin the Pending Action that Singh commenced under 28 U.S.C. § 959(a). The latter section pertaining to post-petition activities of a trustee allows, under certain circumstances, suit against the trustee without leave of the appointing court.

Generally, a federal court has no power to enjoin state court proceedings. The Anti–Injunction Act, 28 U.S.C. § 2283, provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as *expressly authorized* by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. (Emphasis added).

Section 105(a) of the Bankruptcy Code, however, is an "expressly authorized" exception to the Anti–Injunction Act. *Davis v. Sheldon (In re Davis),* 691 F.2d 176, 177–78 (3d Cir.1982); *Kranzdorf v. Alter (In re Fidelity America Financial Corp.),* 53 B.R. 930, 932–33 (Bkrtcy.E.D.Pa.1985); H.R.Rep. No. 595, 95th Congress, 1st Sess. 317 (1977); S.Rep. No. 95–989, 95th Congress, 2d Sess. 29 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5814, 6274. It authorizes the Bankruptcy Court to stay state court proceedings under proper circumstances. *In re Davis, supra.; In re Fidelity America Financial Corp. supra.;* 2 *Collier on Bankruptcy* ¶ 105.02 (15th ed. 1987). As Collier observes, "[t]he basic purpose of the section [§ 105] is to enable the court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case." 2 Collier on Bankruptcy, *supra.,* § 105.02 at 105–3. In fact, Section 105(a) contemplates injunctive relief in precisely those instances where parties are " 'pursuing actions pending in other courts that threaten the integrity of a bankrupt's estate.' " *Manville Corporation v. Equity Security Holders Committee (In re Johns–Manville Corp.),* 801 F.2d 60, 63 (2d Cir.1986) (quoting *In re Davis,* 730 F.2d 176, 183–84 (5th Cir.1984)).

The Bankruptcy Court may also enjoin state court proceedings under 28 U.S.C. 959(a). The statute in relevant part, provides:

"(a) Trustees, receivers or managers of any property, including debtors-in-possession, may be sued, without leave of the Court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court."

The first sentence of § 959(a) grants seemingly unfettered power to commence an

---

1981); *Wigginess Inc. v. Fruchtman,* 482 F.Supp. 681 (S.D.N.Y.1979) each deny motions for preliminary injunctions for failure to prove, at a hearing on the merits, the specific elements necessary for the granting of a preliminary injunction. The task before this Court is not to judge the merits of the Trustee's claim, but rather to determine if he has in fact stated a claim upon which relief may be granted.

6. *Scheuer, supra,* 416 U.S. at 236, 94 S.Ct. at 1686 ("Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test").

action against a trustee in a non-appointing forum without leave of the appointing court. The second sentence restrains the broad grant of authority of the first sentence by reserving in the bankruptcy court a "general equity power" to enjoin such actions. The Second Circuit, in *Jaytee–Penndel Co. v. Bloor (Matter of Investors Funding Corp. of N.Y.)*, 547 F.2d 13 (1978), adopted a harmonizing construction of these apparently conflicting provisions to advance their respective purposes. The Court in *Jaytee–Penndel* held that such actions against the trustee sanctioned by the first sentence of § 959(a) may proceed "unless the bankruptcy court, exercising sound discretion, finds that the action would embarrass, burden, delay or otherwise impede the reorganization proceedings." *Jaytee–Penndel, supra.*, 547 F.2d at 16. This construction furthers the bankruptcy policy "against enjoining suits in other courts, except upon a satisfactory showing that prosecution of the action would hinder the administration of the debtor's estate." *Id.; Accord, Diners Club, Inc. v. Bumb*, 421 F.2d 396, 401–402 (9th Cir.1970). In *Franke v. B–A Systems, Inc. (Matter of Burstein–Applebee Company)*, 32 B.R. 504 (Bkrtcy.W.D.Mo.1983), the bankruptcy court was faced with the same procedural questions that confront this Court. In *B–A Systems*, the plaintiff-trustee sought to enjoin the defendants from maintaining a state court action, pursuant to § 959(a), against him. Defendants countered with a Rule 12(b)(6) motion to dismiss. The Court found that "in calling upon the appointing court to issue its injunction to protect its exclusive jurisdiction over the property of the debtor (the trustee includes an assertion in his complaint of the bankruptcy court's exclusive jurisdiction), the trustee must necessarily be regarded as stating a claim upon which relief might be granted. For it is proper to issue

the requested injunction upon a showing 'that prosecution of the action would embarrass the administration of the debtor's estate.'" *B–A Systems, supra.*, 32 B.R. at 505 (quoting *Diners Club, Inc. v. Bumb, supra.*, 421 F.2d at 402).

In his complaint, the Trustee has alleged that the Pending Action will "irreparably interfere with and harm the Trustee by distracting him and his administration from administering the hospital, this case, and effectuating the reorganization of BMC." (Trustee's amended complaint, ¶ 46). He further alleges that it would "unduly exacerbate and prolong the dissension and disharmony among the staff already engendered, in large measure, by Singh—all to the irreparable and uncompensable injury to the Trustee and the estate" (¶ 47) and "disrupt and divert the day-to-day stewardship of the Chapter 11 Trustee and his administration" (¶ 48). He further alleges that the harm to be suffered by the estate outweighs any harm Singh would suffer were the injunction to issue (¶ 49) and asserts that there is a reasonable likelihood that the trustee will succeed on the merits of his complaint (¶ 50).

Given the rule of construction harmonizing the seemingly inconsistent provisions of 28 U.S.C. § 959(a) articulated by the Second Circuit in *Jaytee–Penndel, supra.*, as well as the grounds for a Section 105(a) injunction endorsed by the Second Circuit in *In re Johns–Manville, supra.*, the Trustee has clearly stated a claim upon which relief may be granted. The Trustee should be given an opportunity at trial to offer evidence in support of his allegations that the Pending Action would unduly impede administration of the estate.[7]

B. *Second Cause Of Action*—The Trustee alleges in his second cause of action that Singh has impermissibly commenced the Pending Action since he failed

---

7. The closing of the hospital on October 10, 1987 after the closing of the record on Singh's motion to dismiss does not alter the Trustee's right to present evidence regarding the necessity of an injunction. At the present time, BMC's nursing home operation continues. On December 22, 1987, the Trustee obtained authorization from the Court to sell, among other things,

BMC's real estate and buildings. That transaction has not yet closed. Furthermore, a Chapter 11 plan of orderly liquidation may be proposed by the Trustee and even if the case is converted to Chapter 7, it may well be that the Pending Action will unduly interfere with bankruptcy administration.

to satisfy 28 U.S.C. § 959(a), which permits suit against a trustee without leave of court under certain circumstances. Based upon this allegation, the Trustee asserts he is entitled to two forms of relief: that this Court 1) not grant leave to Singh to maintain the Pending Action; and 2) enjoin the continuation of the Pending Action.

The parties, in their memoranda of law, have identified the issue in this motion to dismiss the second cause of action, as whether Singh permissibly commenced the Pending Action under 28 U.S.C. § 959(a). They also agree that a determination of the permissibility of the Pending Action must necessarily turn upon an analysis of the term "carrying on business" as it is used in 28 U.S.C. § 959(a). They differ on whether the term, as the cases have interpreted it, encompasses within its scope the Trustee's termination of Singh's employment as medical director and suspension of Singh's clinical privileges.

In their attempt to define "carrying on business," counsel for each the Trustee and the movant Singh have scrupulously surveyed the case law interpreting the term. However, in their myopic attention to definition, they have failed to recognize that such a determination is irrelevant to a grant of either form of relief sought in the Trustee's second cause of action. The Trustee's allegations, taken as true, fail to state a claim which would compel this Court to enjoin the Pending Action or to deny leave to Singh to maintain the Pending Action; and, significantly, the allegations fail *independent* of any interpretation of the term "carrying on business." That is, even if, as the Trustee asserts, Singh impermissibly commenced the Pending Action, the Trustee would still not be entitled to the relief he seeks. A step by step examination of a § 959(a) action is necessary to understand the basic, threshold deficiency in the Trustee's complaint.

The Bankruptcy Code, pursuant to 11 U.S.C. § 362(a), provides generally for an automatic stay of actions against a trustee or debtor in possession, as the case may be, as well as actions affecting property of the estate in bankruptcy. In addition, apart from 28 U.S.C. § 959(a), it is a well settled principle of case law too, that suits against a trustee, for acts done in his official capacity and within his authority as an officer of the court, may not proceed in the non-appointing forum unless leave was obtained from the appointing forum. *Barton v. Barbour*, 104 (14 Otto) U.S. 126, 26 L.Ed. 672 (1881); *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir.1967), *cert. den.* 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1967); *Vass v. Conron Bros. Co.*, 59 F.2d 969 (2d Cir.1932); *In re Campbell*, 13 B.R. 974 (Bkrtcy.D.Idaho 1981).

By allowing suits against trustees of property, without leave of the court appointing them, for any of their acts in carrying on the business involving such property, 28 U.S.C. § 959(a) provides an express statutory exception to the blanket stays inherent to the bankruptcy process. *Haberern v. Lehigh and New England Railway Company*, 554 F.2d 581, 585 (3d Cir.1977); *In re Campbell, supra.*, 13 B.R. at 976; *Franke v. B–A Systems Inc., supra.*, 32 B.R. at 505. If it is found that a putative suitor's case does not fit within the statutory exception—i.e. the trustee's acts did not constitute "carrying on business"—his suit is not barred from adjudication by the non-appointing forum forever. The suitor simply must apply for leave from the appointing forum.[8] If the statutory exception of § 959(a) is unavailable to the suitor, but he nonetheless commences the action against the trustee without seeking leave of the appointing court, then the general rule regarding stays governs, and the suitor may be held in contempt of the stay. *In re Kish*, 41 B.R. 620 (Bkrtcy.E.D. Mich.1984). "Contempt" is the relief that may properly be granted upon a showing that the suitor impermissibly commenced the action against the trustee.

8. In fact, this is the very reason that courts do not strain to give § 959(a) a broad construction, "since a narrow one means only that the putative suitor must apply for leave, thereby enabling the appointing tribunal to maintain better control over the administration of the estate." *In re Beck Industries, Inc.*, 725 F.2d 880, 887 (2d Cir.1984).

The Trustee here, notably, does not seek such relief: he instead requests that the Court 1) not grant leave to Singh to maintain the Pending Action; and 2) enjoin the Pending Action.

### 1. *The Court Should Not Grant Leave*

■ The allegation that Singh impermissibly commenced the Pending Action does not state a claim upon which this Court may grant the first form of relief sought by the trustee in the second cause of action. An application by Singh for leave to sue must necessarily take the form of a motion pursuant to 11 U.S.C. § 362(d) to modify the automatic stay triggered by 11 U.S.C. § 362(a). Singh has never made such a motion. In any event, that Singh impermissibly commenced the Pending Action under § 959(a) is inapposite to the Court's determination of a motion to modify the stay. Instead, the Court's decision on such a motion must necessarily be founded upon analysis of 11 U.S.C. § 362(d), the subdivision of the Bankruptcy Code's automatic stay provision which allows the Court to grant relief from the stay upon appropriate showings. The Trustee, notably, has made no allegations regarding Singh's inability to satisfy the Code's requirement under § 362(d) for lifting the stay. He has merely alleged that Singh's state court action is not encompassed by the statutory exception of § 959(a). Thus, the Trustee's bare-bones argument, as paraphrased, must read as follows:

*Allegation:* The Trustee did not fit into the § 959(a) exception to the stay.

*Rule:* If a putative suitor cannot avail itself of the § 959(a) exception to the stay, he must seek leave of court to maintain the suit.

*Conclusion:* This Court should not grant leave to maintain the suit because the Trustee did not fall into the § 959(a) exception to the stay.

Were the Trustee's argument correct, every putative suitor who failed to satisfy § 959(a) would automatically be denied leave of court *because* he failed to satisfy § 959(a). This is a perfect illustration of the Latin *"non sequitur"*—it simply does not follow. Black's Law Dictionary 954 (5th ed. 1979). It also does not state a cause of action and therefore must be dismissed pursuant to F.R.C.P. 12(b)(6).

### 2. *This Court Should Enjoin The Pending Action*

The Trustee's allegations here again fail to state a claim upon which the court may grant the relief sought, an injunction of the Pending Action. As we noted earlier in this discussion, the proper relief for the impermissible commencement of a 28 U.S.C. § 959(a) action against a trustee or debtor in possession is to hold the impudent suitor in contempt for violating the automatic stay. The Trustee pointedly does not seek that relief in his amended complaint. Such relief was dropped from the original complaint filed in this adversary proceeding. This Court will not speculate as to the Trustee's reasons for amending the complaint to exclude the "contempt" request. However, with his second cause of action, it would seem that the Trustee is seeking to reintroduce the "contempt" relief request into the complaint through a back door labelled "injunction"—to punish movant Singh, *in futuro*, for wrongfully commencing an alleged improper suit against the Trustee and BMC.

As this Court noted earlier in its discussion of the first cause of action, it may issue an injunction of the Pending Action under § 959(a), as well as under Section 105(a) of the Bankruptcy Code, upon a showing that such action would impede, impair or irreparably interfere with the administration of the estate. The Trustee has not cited, nor has this Court found any case law to support the proposition that the impermissible commencement of a § 959(a) suit is *per se* a proper ground for an injunction to issue against that suit. That being the only allegation the Trustee has made in his second cause of action, he has failed to state a claim upon which such relief may be granted. It is therefore dismissed pursuant to F.R.C.P. 12(b)(6).

### C. *Third Cause Of Action*

■ As a third cause of action, the Trustee asserts that this Court should, under 11 U.S.C. § 105(a), permanently re-

strain and enjoin Singh from attempting to make use of any privileges at BMC or from entering BMC's premises. As a practical matter, the closing of the hospital and the even more recent sale of BMC's assets, which transaction is yet to be consummated, may well have rendered this cause of action moot. However, this Court is unable to so find with certainty. Accordingly, we are reluctant to dismiss the Trustee's third cause of action.

Throughout his complaint, the Trustee makes several assertions regarding Singh's alleged "harassment" and "insubordinate" conduct. (Trustee's amended complaint, ¶¶ 14, 15, 16, 20, 21, 22). Insofar as this alleged insubordination is directed against the Trustee and his administration, and it impedes the administration of the Debtor's estate (as the complaint alleges) this Court is empowered to enjoin it pursuant to Section 105(a). It does not appear to a certainty that the Trustee would be entitled to no relief under any factual scenario which could be proved in support of his claim. *In re Black & Geddes, Inc.,* 16 B.R. 148, 151 (Bkrtcy.S.D.N.Y.1981). Moreover, the likelihood that the Trustee will prevail on the merits is immaterial where, as here, a cause of action is properly pleaded. *Boudeloche v. Grow Chemical Coatings Corp.,* 728 F.2d 759, 762 (5th Cir.1984). Accordingly, the third cause of action too, precludes Singh's motion to dismiss. Evidence in support of this claim should be presented at trial.

## III. ABSTENTION

Defendant Singh has also moved this Court to abstain from exercising jurisdiction over this adversary proceeding pursu-

ant to 28 U.S.C. 1334(c).[9] In accordance with Bankruptcy Rule 5011(b), effective August 1, 1987, a motion for abstention shall be heard by the bankruptcy judge who shall file a report and recommendation for disposition of the motion. The following shall constitute such report and recommendation.

There is no disputing that mandatory abstention under § 1334(c)(2) is inapplicable here since the Trustee's adversary proceeding seeking to enjoin the Pending Action under Section 105(a) of the Bankruptcy Code is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A). *In re Johns–Manville, supra.,* 801 F.2d at 63–64; *Garrity v. Leffler (In re Neuman),* 71 B.R. 567, 572–73 (S.D.N.Y.1987). Movant Singh, in fact, concedes that the Trustee's action is a "core" proceeding in his main memorandum of law (p. 24) and reply memorandum of law (p. 10). Mandatory abstention can only arise in matters involving non-core, related proceedings. *Allegheny, Inc. v. Laniado Wholesale Company, Inc. (In re Allegheny, Inc.),* 68 B.R. 183, 192 (Bkrtcy.W.D.Pa.1986); *Huffman v. Perkinson (In re Harbour),* 60 B.R. 370, 372 (W.D.Va.1985).

Singh insists this Court abstain pursuant to § 1334(c)(1), the discretionary abstention provision. Discretionary abstention is authorized under § 1334(c)(1) in the interest of justice or in the interest of comity with state courts, or respect for state law. Defendant Singh, however, has failed to demonstrate that any of the circumstances appropriate for abstention are present here in connection with the Trustee's request for an injunction under Section

9. 28 U.S.C. § 1334(c)(1) [discretionary abstention] and § 1334(c)(2) [mandatory abstention] read as follows:

"(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11, or arising in or related to a case under Title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can

105(a) of the Bankruptcy Code.[10] There are no difficult questions of state law to be decided, *Louisiana Power and Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959), nor are there any important issues of state policy implicated. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

The issues in the Trustee's adversary proceeding involve only the effect, if any, of the continuation of the Pending Action and the presence of Singh on the premises of BMC on the Trustee's administration of the estate. Given that "(a)bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River, supra.*, 424 U.S. at 813, 96 S.Ct. at 1244, and that the "bankruptcy court does not ordinarily surrender its jurisdiction except under exceptional circumstances", *Double TRL, Inc. v. F.S. Leasing Inc. (In re Double TRL, Inc.)*, 65 B.R. 993, 1002 (Bkrtcy.E. D.N.Y.1986), this Court cannot recommend discretionary abstention.

### ORDER

Based on all the foregoing, it is HEREBY ORDERED, ADJUDGED AND DECREED THAT

1. Defendant's motion to dismiss Adversary Proceeding No. 187–0110 be, and hereby is, denied as to the first and third causes of action.

2. Defendant's motion to dismiss Adversary Proceeding No. 187–0110 be, and hereby is, granted as to the second cause of action.

be timely adjudicated, in a State forum of appropriate jurisdiction...."

**10.** The circumstances appropriate for discretionary abstention are categorized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814–16, 96 S.Ct. 1236, 1244–45, 47 L.Ed.2d 483 (1976). Singh strives mightily in his papers to erect barriers of state law and policy governing physician/hospital relationships in support of his abstention request.

These contentions are irrelevant to the subject adversary proceeding of the Trustee seeking an injunction under 11 U.S.C. § 105(a), the only matter before this Court. We would only note at this juncture that the proceeding commenced by Singh before the New York State Public Health Council pursuant to Public Health Law § 2801–b (McKinney's 1985) in April 1987 is pending and the Trustee has not sought to enjoin that matter.