**In re Stuart J. ATLAS and
Vicki K. Atlas, Debtors.**

**Bankruptcy No. 94–10805–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

June 26, 1995.

Lynn Maynard Gollin, Tew & Beasley, Miami, FL, for trustee.

James O. Guy, Union, N.J.

Richard Siegmeister, Coconut Grove, FL, for debtor.

Amber Donner, Asst. U.S. Trustee, Office of U.S. Trustee, Miami, FL.

Patricia Dzikowski, Trustee, Lauderhill, FL.

Frank P. Terzo, Coral Gables, FL, for Corestates Bank Semet, Lickstein, et al.

## ORDER DETERMINING JAMES GUY TO BE IN VIOLATION OF THE AUTOMATIC STAY AND IMPOSING SANCTIONS

ROBERT A. MARK, Bankruptcy Judge.

On June 1, 1995 the Court heard the Trustee's "Motion for Order Determining James Guy to be in Violation of the Automatic Stay and Motion for Sanctions" ("Trustee's Motion"); the Trustee's Motion for Protective Order; and James Guy's "Motion to Compel Attendance at Deposition and for Continuance of Hearing on Contempt Motion." After reviewing the pleadings and relevant case law, considering the arguments of counsel, and otherwise being fully advised in the premises, the Court finds and concludes that Guy's filing of a complaint seeking injunctive relief to prevent the Trustee from prosecuting an objection to the Debtors'

claimed exemption was a willful violation of the automatic stay subject to sanctions.

## FACTUAL BACKGROUND

Patricia Dzikowski, Chapter 7 trustee ("Trustee") for the estate of Debtors Stuart K. and Vicki J. Atlas ("Debtors"), filed an objection to the Debtors' claimed exemption as to their interest in the Gateway Mortgage Corp. Employees Pension Plan Trust and the Gateway Mortgage Corp. Employees Profit–Sharing Plan Trust (the "Plans") on April 14, 1995 ("Objection"). The Objection was preceded by extensive discovery disputes over documentation to support the Debtors' claim that their interest in the Plans, which was listed on their schedules and claimed as exempt under *Fla.Stat.* § 222, qualified as exempt or otherwise was not property of the estate under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* At the time of hearing on the Trustee's Motion, the Trustee's Objection was set to be heard during the week of June 12, 1995.

On April 24, 1995, a summons and complaint ("Complaint") were served on the Trustee, copies of which were attached to the Trustee's Motion. The complaint was filed in the United States District Court for the District of New Jersey by James Guy on behalf of the Plans as plaintiffs. The Complaint seeks to enjoin the Trustee from asserting any claim to the Debtors' interest in the Plans. Guy did not seek leave of this Court to file the Complaint.

## DISCUSSION

■ A trustee's authority to object to exemptions listed on a debtor's schedules is clear under the Bankruptcy Code, and is integral to every trustee's official duty to marshall and liquidate property of a bankruptcy estate. *See* 11 U.S.C. § 704 (trustee shall collect and reduce to money the property of the estate); Fed.R.Bankr.P. 4003(b) (trustee may file objections to list of property claimed as exempt). The trustee must, where necessary, initiate actions, including objections to claimed exemptions, to determine whether scheduled assets are property of the estate or are properly claimed as exempt.

■ It is also manifestly clear that a trustee may not be sued outside of the appointing court for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court, unless leave of the appointing court is obtained. *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881); *In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir.1993); *In re Baptist Medical Center of New York*, 80 B.R. 637 (Bankr.E.D.N.Y. 1987); *Matter of Campbell*, 13 B.R. 974 (Bankr.D.Idaho 1981). The only exception to this general principle is provided by 28 U.S.C. § 959, pursuant to which trustees may be sued without leave for acts "in carrying on business" connected with property of the estate.

■ James Guy, who did not attend the June 1st hearing on the Trustee's Motion but was represented by counsel, does not assert that the 28 U.S.C. § 959 exception applies to the Trustee's Objection and his attempt to enjoin the prosecution of it. Instead, he argues that because of a purported right or duty to protect the Plans and their beneficiaries that arises under ERISA, Guy was entitled to sue the Trustee in another forum and seek to enjoin the Trustee from performing her duties. This argument is outrageous. Under Supreme Court precedent more than one hundred years old, parties may not interfere with a trustee's official duties by seeking injunctive relief in another court, unless they have obtained leave from the bankruptcy court that appointed the trustee.

Guy also relies on *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), in which the Supreme Court concluded that a debtor's interest in a qualified ERISA pension plan which contained an anti-alienation provision is not part of the debtor's bankruptcy estate under 11 U.S.C. § 541(c)(2). This argument also misses the point. There has not yet been any determination that the Plans listed on these Debtors' schedules are in fact qualified ERISA pension plans such that the Debtors' interest is not part of the estate. Guy's assertion that this is an issue which must be determined by an Article III court, rather than the bank-

ruptcy court, is entirely irrelevant to the question of whether the Trustee may be the subject of an injunction action filed in New Jersey rather than in this forum.

Guy could have asserted the interests of the Plans or their non-debtor beneficiaries in this Court by seeking to intervene in the Trustee's Objection. He also could have sought an order in the United States District Court for the Southern District of Florida withdrawing the reference of this contested matter if, as he argues, there are federal law questions involving pension plans that should be addressed by a federal district court. Finally, he could have sought leave from this Court to file suit in New Jersey, if he had some argument that the district court in New Jersey was the only appropriate forum for an action to determine if the Plans meet ERISA requirements. What he could not do was to launch a collateral attack by commencing an action in New Jersey, without leave of this Court, seeking to enjoin the Trustee from pursuing a contested matter properly before this Court.

■ Guy's filing of the Complaint constitutes a willful violation of the automatic stay. The Debtors' interest in the Plans was listed as property of the estate in the Debtors' schedules, and an action to enjoin the Trustee from obtaining that property or from litigating over the claimed exemption as to that property falls within the scope of the 11 U.S.C. § 362(a)(3) prohibition against actions to obtain possession of or exercise control over property of the estate. The willfulness of Guy's act is clear from the filing of the Complaint itself without seeking leave of this Court. *See Baptist Medical Center,* 80 B.R. at 644 (application to sue must take form of motion to modify the stay triggered by 11 U.S.C. § 362(a)). Guy's willful violation of the stay is subject to sanctions under 11 U.S.C. § 362(h). The Trustee has been damaged by incurring attorneys fees and costs in filing and arguing the Trustee's Motion, and incurring fees and costs defending the allegations raised in the Complaint.

Therefore, it is—

**ORDERED** as follows:

1. The Trustee's Motion is granted. By filing the *Complaint* in New Jersey seeking to enjoin the Trustee from exercising her official duties in pursuing the Objection, James Guy willfully violated the automatic stay under 11 U.S.C. § 362(a)(3) and otherwise engaged in an impermissible effort to prevent the Trustee from exercising her statutory duties.

2. Pursuant to 11 U.S.C. § 362(h), the Court awards damages in favor of the Trustee and against James Guy in an amount to be fixed upon the Trustee's filing of a supplemental motion detailing the fees and costs incurred as a result of Guy's wrongful conduct.

3. The Court will consider awarding punitive damages against James Guy if the Complaint is not dismissed within two days after service of this Order upon Guy.

4. Based upon its finding of a willful violation of the automatic stay, the Court grants the Trustee's motion for protective order and denies Guy's motion to compel.

5. Guy's "Motion for Continuance of Hearing on Contempt Motion" is denied, both because there has been no motion for contempt filed and because the basis for the requested continuance—the Trustee's refusal to submit to deposition—is mooted by the protective order that has been granted.

**DONE AND ORDERED.**