CYR, Circuit Judge.
 

 Chapter 7 debtor David Edmonston challenges a bankruptcy court ruling disallowing his exemption claim to entireties property— the primary residence owned by him and his nondebtor spouse since 1980. Edmonston duly claimed the residence exempt,
 
 see
 
 Bankruptcy Code § 522(b)(2)(B); Mass.Gen.Laws eh. 209, § 1, estimated its value at $200,000, and indicated that he and his nondebtor spouse were jointly obligated under the $59,-000 real estate mortgage and for
 
 unsecured
 
 indebtedness totaling at least $10,000. In due course the chapter 7 trustee objected to the exemption claim and Edmonston responded by contesting both the merits of the objection and the trustee’s “standing” to assert it. Ultimately, the bankruptcy court disallowed the exemption claim, the district court affirmed, and Edmonston appealed.
 

 I.
 

 As the facts are not in dispute, we conduct
 
 de novo
 
 review of the conclusions of law challenged on appeal.
 
 See In re Caron,
 
 82 F.3d 7, 9 (1st Cir.1996). First, however, we chart the legal terrain underlying the contested conclusions of law.
 

 An interest in property held in tenancy by the entirety is exempt in bankruptcy “to the extent ... exempt from process under applicable nonbankruptcy law,” 11 U.S.C. § 522(b)(2)(B), in this instance Massachusetts law.
 
 See Napotnik v. Equibank & Parkvale Sav. Assoc.,
 
 679 F.2d 316, 318 (3d Cir.1982) (“Since property law in general and the law of co-tenancies in particular are creatures of state law, the ‘applicable nonbankruptcy law’ is the applicable [state] law of tenancy by the entirety.”). Commonwealth law provides that “[t]he interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure by a creditor of such debtor spouse so long as such property is the principal residence of the
 
 nondebtor
 
 spouse.” Mass.Gen.Laws eh. 209, § 1 (1987) (emphasis added).
 
 [1]
 
 Thus, a creditor with a claim against
 
 both
 
 tenants by the entirety (“joint creditor”) may reach and apply the entireties property.
 
 See Coraccio v. Lowell Five Cents Sav. Bank,
 
 415 Mass. 145, 612 N.E.2d 650, 654 (1993) (“Nor, by
 
 *-1500
 
 virtue of G.L. c. 209, § 1, may a creditor of either seize the principal residence absent the joint signature of the spouses.”);
 
 In re McConchie,
 
 94 B.R. 245, 247 (Bankr.D.Mass. 1988) (“[T]he property is free from levy and execution from [sic] the creditor of one spouse if the debts are not joint or for necessaries.”). Accordingly, the present exemption claim is unsupported by Commonwealth law to the extent Edmonston and his non-debtor spouse were jointly indebted.
 
 See, e.g., Sumy v. Schlossberg,
 
 777 F.2d 921, 928 (4th Cir.1985) (“A debtor does not lose all benefit of § 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the extent of joint claims”).
 

 Nevertheless, an exemption claim becomes effective by operation of law absent a cognizable objection.
 
 See
 
 11 U.S.C. § 522(0 (“Unless a party in interest objects, the property claimed as exempt on such list is exempt.”); Fed.R.Bankr.P. 4003(b);
 
 see also Taylor v. Freeland & Kronz,
 
 503 U.S. 638, 643, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992) (property listed as exempt by debtor is exempt unless party in interest objects within 30 days);
 
 Mercer v. Monzack,
 
 53 F.3d 1, 3 (1st Cir.1995) (property listed as exempt becomes exempt by operation of law absent timely objection),
 
 cert. denied,
 
 — U.S.—, 116 S.Ct. 1317, 134 L.Ed.2d 471 (1996). Since no joint creditor objected to Edmonston’s exemption claim within the allotted time, the present appeal cannot succeed unless the chapter 7 trustee qualifies as a “party in interest” within the meaning of Bankruptcy Code § 522®.
 

 We think it clear that Bankruptcy Rule 4003(b) — itself “derived from § 522(1) of the Code,” Fed.R.Bankr.P. 4003, Advisory Committee Note — authoritatively defines the section 522(1) term “party in interest,” by explicitly stating that the “trustee or any creditor may file objections to the list of property claimed as exempt.” Fed. R.Bankr.P. 4003(b) (emphasis added).
 
 [2]
 
 Moreover, the position we make explicit today simply gives voice to the longstanding, implicit acknowledgement that a chapter 7 trustee is a “party in interest” within the meaning of section 522®.
 
 See, e.g., Taylor,
 
 503 U.S. at 642-43, 112 S.Ct. at 1647-48 (as trustee waived right to oppose exemption claim by not objecting within 30-day period prescribed by Rule 4003(b), property became exempt by operation of § 522(1));
 
 Petit v. Fessenden,
 
 80 F.3d 29, 32-33 (1st Cir.1996) (failure to file timely schedules relieved trustee of duty to object, as there was no “list of property claimed as exempt” to be opposed under § 522® and Rule 4003(b)).
 

 As
 
 “the
 
 representative of the estate,” 11 U.S.C. § 323(a) (emphasis added), the chapter 7 trustee is under a duty to “collect and reduce to money the property of the estate.”
 
 Id.
 
 § 704(1).
 
 [3]
 

 See First Nat’l Bank of Mobile v. Norris,
 
 701 F.2d 902, 904 (11th Cir. 1983);
 
 In re Brooks,
 
 12 B.R. 22, 24 (Bankr. S.D.Ohio 1981). Thus, the statutory duty to
 
 *-1499
 
 administer nonexempt property of the chapter 7 estate implicitly empowers the trustee to screen and oppose exemption claims which may not be allowable.
 
 See
 
 Fed.R.Bankr.P. 4003(b);
 
 see also In re Atlas,
 
 183 B.R. 978, 980 (Bankr.S.D.Fla.1995) (citing 11 U.S.C. § 704; Fed.R.Bankr.P. 4003(b)).
 

 We accordingly hold that the trustee, as the designated representative of the chapter 7 estate, 11 U.S.C. § 323(a), whose duties include the collection and liquidation of the nonexempt property of the estate,
 
 see id.
 
 § 704(1), is a “party in interest” entitled to oppose exemption claims under Bankruptcy Code § 522(Z).
 
 See also In re Van Rye,
 
 179 B.R. 375, 378 (Bankr.D.Mass.1995) (holding that “the Trustee, in his capacity as representative of the estate, has standing to object” to exemption claims),
 
 aff'd,
 
 96 F.3d 1430 (1st Cir.1996) (Table),
 

 II.
 

 Edmonston further contends that since a chapter 7 discharge can only relieve indebtedness of the chapter 7 debtor, joint creditors may still proceed directly against the entireties property itself because their claims against the nondebtor spouse would be unaffected by Edmonston’s chapter 7 proceeding.
 
 [4]
 
 This claim impermissibly assumes that the chapter 7 debtor is entitled to have the entireties property set apart as exempt, on the theory that joint creditors would retain their respective rights to proceed against the entireties property under Commonwealth law in any event. As all relevant reported cases make clear,
 
 [5]
 
 assuming a proper objection by a party in interest an entire-ties exemption claim is invalid
 
 ab initio
 
 to the extent there are joint creditors. Thereupon, as nonexempt property of the chapter 7 estate the entireties property becomes subject to administration.
 

 III.
 

 For the foregoing reasons, the district court order is affirmed, with costs to appel-lee, and the case is remanded to the bankruptcy court for further proceedings consistent with this opinion.
 

 SO ORDERED.
 

 [1]
 

 . Originally, chapter 209, § 1, did not apply to tenancies by the entirety created prior to its effective date,
 
 viz.,
 
 February 11, 1980.
 
 Turner v. Greenaway,
 
 391 Mass. 1002, 459 N.E.2d 821, 823 (1984).
 
 See also In re Robbins,
 
 187 B.R. 400, 402 (Bankr.D.Mass.1995) (“Tenancies by the entirety created prior to February 11, 1980 are governed by the common law.”). Subsequently, however, the Massachusetts legislature enabled married couples whose tenancies by the entirety were created prior to February 11, 1980, to elect to come within chapter 209, § 1.
 
 See
 
 Mass.Gen. Laws ch. 209, § 1 (1987); Mass.Gen.Laws ch. 209, § 1A (West Supp.1996).
 

 [2]
 

 . The Bankruptcy Rules "govern” procedure in all bankruptcy proceedings unless inconsistent with either title 11 or title 28, United States Code.
 

 Section 247 of Public Law 95-598, 92 Stat. 2549 amended 28 U.S.C. § 2075_to require that procedural rules promulgated pursuant to 28 U.S.C. § 2075 be
 
 consistent with
 
 the bankruptcy statute, both titles 11 and 28 U.S.C. Thus, ... any procedural matters contained in title 11 or 28 U.S.C. with respect to cases filed under 11 U.S.C. would control.
 
 See
 
 1 Collier, Bankruptcy ¶ 3.04[2][c] (15th ed. 1980).
 

 Advisory Committee Note (1983) (emphasis added).
 

 Edmonston neither contends nor intimates that Rule 4003(b) is in any respect inconsistent with either title 11 (Bankruptcy Code) or title 28 (Judiciary and Judicial Procedure). Nor do we discern any pertinent inconsistency. On the contrary, given the mandate in Bankruptcy Code § 704 ("The trustee shall — (1) collect and reduce to money the property of the estate...."), any suggestion that a chapter 7 trustee is not required, let alone permitted, to oppose an unal-lowable exemption claim would be totally at odds with the chapter 7 trustee's principal statutory responsibility, as
 
 “the
 
 representative of the [chapter 7] estate,"
 
 id.
 
 § 323(a) (emphasis added).
 

 [3]
 

 . Edmonston does not dispute that the entireties property became "property of the estate" by operation of law,
 
 see
 
 11 U.S.C. § 541(a)(2)(B) (including in estate all property of debtor and spouse which is “liable for an allowable claim against the debtor, or for an allowable claim against the debtor and an allowable claim against the debtor’s spouse, to the extent that such interest is so liable"), and thus became subject to administration under chapter 7 unless exempt.
 

 [4]
 

 . in assailing the Fourth Circuit's holding in
 
 Sumy, 777
 
 F.2d at 929-32 — that the entireties properly was not exempt under Bankruptcy Code § 522(b)(2)(B) — Edmonston misapprehends the court's rationale. The holding was not based on a "legal fraud” rationale, as Edmonston suggests, but on Bankruptcy Code § 522(b)(2)(B) and applicable state law.
 
 Sumy, 777
 
 F.2d at 929 (rejecting entireties exemption claim “by interpreting § 522(b)(2)(B) in light of state law”).
 

 [5]
 

 . Other courts of appeals which have weighed in on the matter are in accord,
 
 see Sumy, 111
 
 F.2d at 932;
 
 In re Grosslight,
 
 757 F.2d 773, 776-77 (6th Cir.1985);
 
 Napotnik v. Equibank & Parkvale Sav. Assoc.,
 
 679 F.2d 316, 321 (3d Cir.1982);
 
 compare Matter of Paeplow,
 
 972 F.2d 730, 737 (7th Cir.1992) (by virtue of Indiana Code § 34-2-28-l(a)(5), entireties property is exempt in bankruptcy, regardless of presence of joint creditors, as long as only one spouse files bankruptcy petition); so too are the bankruptcy courts (except in Indiana) which have done so,
 
 see, e.g., In re Duncan,
 
 201 B.R. 889, 898 (Bankr.W.D.Pa. 1996);
 
 In re Harry,
 
 151 B.R. 735, 737 (Bankr. W.D.Vir.1992);
 
 In re Wickham,
 
 130 B.R. 35, 38 (Bankr.E.D.Vir.1991);
 
 In re Cerreta,
 
 116 B.R. 402, 405-06 (Bankr.D.Vt.1990);
 
 In re Geoghegan,
 
 101 B.R. 329, 330-31 (Bankr.M.D.Fla.1989);
 
 In re Sefren,
 
 41 B.R. 747, 748 (Bankr.D.Md.1984);
 
 see also Sumy, 777
 
 F.2d at 929 n. 16 (collecting cases).