Michael A. HUNT, d/b/a Hunt's
Livestock, Plaintiff,

v.

UP NORTH PLASTICS, INC., Poly Amer-
ica, Inc., and Ag–Bag International
Limited, Defendants.

Civ. No. 4–96–22(JRT/RLE).

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 2, 1997.

Kent M. Williams, Minneapolis, MN, for
Plaintiff.

Frank R. Berman, Minneapolis, MN, for
Up–North Plastics, Inc., and Poly America,
Inc.

John D. French, Minneapolis, MN, for Ag–
Bag International Ltd.

MEMORANDUM ORDER

ERICKSON, United States Magistrate
Judge.

I. *Introduction*

This matter came before the undersigned
United States Magistrate Judge pursuant to

a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendants' Motion for a temporary stay of discovery.

A Hearing on the Motion was conducted on December 1, 1997, at which time the Plaintiff appeared by Kent M. Williams, Esq., the Defendants Up North Plastics, Inc., and Poly America, Inc., appeared by Frank R. Berman, Esq., and the Defendant Ag–Bag International Limited appeared by John D. French, Esq.

For reasons which follow, we grant the Motion.

## II. *Factual and Procedural Background*

In this putative class action, the Plaintiff has alleged that the Defendants have engaged in a combination and conspiracy, in violation of both the Clayton and Sherman Acts, see, *Title 15 U.S.C. §§ 1, 15 and 26*, to suppress and eliminate competition by fixing the prices of silage bags and of polyethylene construction film.[1] To this date, the Plaintiff has not filed a Motion for class certification.

On October 14, 1997, the Plaintiff filed a voluntary Petition for bankruptcy liquidation, under Chapter 7 of the United States Bankruptcy Code. As a consequence, the Plaintiff's assets, including his legal interest in this action, have become the property of a bankruptcy estate. See, *Title 11 U.S.C. § 541(a)(1)*. Subsequent to that filing, the Bankruptcy Court appointed Mark C. Halvorson ("Halvorson") to serve as the Trustee of the bankruptcy estate. On November 7, 1997, Halvorson contacted the Plaintiff's counsel, in writing, and advised that he would "make a determination in the very near future as to whether [he] ] [would] retain [the Plaintiff's legal counsel] to prosecute [the Plaintiff's] interest on behalf of the bankruptcy estate." In addition, Halvorson expressed his desire that, in the interim, the Plaintiff's counsel should "proceed with the case; e.g., with discovery, until I make a formal determination." Thereafter, by letter dated November 20, 1997, Halvorson advised counsel

for the Plaintiff of his "intent to hire your firm to pursue the cause of action [the Plaintiff] has against Up North Plastics." In the same letter, Halvorson attached copies of an Application for Approval of Attorney and Supporting Affidavit, which would enable the United States Trustee to recommend, and the Bankruptcy Court to approve, Halvorson's retention of Plaintiff's counsel to represent the bankruptcy estate's interests in this action.

## III. *Discussion*

Before us is the Defendants' Joint Motion to temporarily stay discovery in this action until such time as Halvorson is properly substituted as the named Plaintiff in this action, and is legally authorized to proceed as the representative of the purported class. The Plaintiff opposes this Motion in all respects.

In support of their Motion, the Defendants assert the unlikelihood that Halvorson will be allowed to proceed as the class representative, since his overriding duty is owed to the creditors of the bankruptcy estate, and that duty irreconcilably conflicts with the obligations which he would owe to the class members, were he to be appointed as the class representative. See, e.g., *Maddox & Starbuck, Ltd. v. British Airways*, 97 F.R.D. 395, 397 n. 2 (S.D.N.Y.1983). Notwithstanding the potential force of the Defendants' concern, of greater immediacy to this Court is the fact that a deposition, which was scheduled for taking before the Defendants learned of the Plaintiff's pending bankruptcy, is noticed for December 2, 1997, in the District of Oregon. As we expressed at the time of the Hearing, in the absence of the appointment of Plaintiff's counsel, to legitimately pursue the bankruptcy estate's claim against the Defendants, we confront the real prospect that the authority of this Court will be derivatively employed to compel the attendance of a nonparty to testify—perhaps against the nonparty's will. At best, we view this potential for an *ultra vires* act with

---

**1.** In his Complaint, the Plaintiff had also alleged that the Defendants have violated the Minnesota Unlawful Trade Practices Act, see, *Minnesota Statutes Section 325D.09, et seq.*, and the Minnesota Deceptive Trade Practices Act, see, *Minneso-* *ta Statutes Section 325D.43, et seq.*, but these claims were dismissed by the District Court, the Honorable John R. Tunheim presiding. See, *Hunt v. Up North Plastics, Inc.*, 980 F.Supp. 1042 (D.Minn.1997).

disfavor. Notably, counsel for the Plaintiff has drawn no authority to our attention which would ameliorate this pressing concern.

■ Indeed, it appears that the authorities are to the contrary. Rule 17(a), Federal Rules of Civil of Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest." Here, however, by operation of his Chapter 7 bankruptcy filing, the Plaintiff has forfeited his standing as a "real party in interest." As explained by the Court, in *Harris v. St. Louis University*, 114 B.R. 647, 648–49 (E.D.Mo.1990):

> The trustee in a case under Chapter 7 is the sole representative of the estate. 11 U.S.C. § 323(a); *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir.1985). It is the trustee of the estate who "has the capacity to sue and be sued." 11 U.S.C. § 323(b). "[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." *Cain v. Hyatt*, 101 B.R. 440, 442 (E.D.Pa.1989) citing *Bauer v. Commerce Union Bank*, 859 F.2d 438 (6th Cir.1988), cert. denied, 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); *Jones v. Harrell*, 858 F.2d 667 (11th Cir.1988); *In re Tvorik*, 83 B.R. 450, 456 (Bkrtcy.W.D.Mich.1988).

> \* \* \* \* \* \*

> The debtor may regain standing to pursue a cause of action if the cause of action is abandoned by the trustee. Under 11 U.S.C. § 554(a) the trustee may abandon property which is burdensome to the estate or that is of inconsequential value to the estate. Under 11 U.S.C. § 554(b) the bankruptcy court may order the trustee to abandon such property at the request of a party.

Accordingly, upon the filing of a Chapter 7 bankruptcy, "the bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtor's causes of action." *Richardson v. United Parcel Service*, 195 B.R. 737, 739 (E.D.Mo.1996), citing *In re B.J. McAdams*, 66 F.3d 931, 935 (8th Cir.1995); see also, *In re Ozark Restaurant Equipment Co., Inc.*, 816 F.2d 1222, 1225 (8th Cir.1987) ("[I]t is clear that causes of action belonging to the debtor at the commencement of the case are included in the definition of property of the estate;" and "[a]ny of these actions that are unresolved at the time of filing then pass to the trustee as representative of the estate, who has the responsibility under Section 704(1) of asserting them whenever necessary for collection or preservation of the estate."), *cert. denied*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987).

■ As a result, once the Chapter 7 Petition was filed, only Halvorson, as the Bankruptcy Trustee, has the necessary standing, as a real party in interest, to prosecute this action. While Halvorson unquestionably possesses the capacity to seek to be substituted as the named Plaintiff in this action, he has not, as yet, taken that necessary step, nor has he secured the approval of the U.S. Trustee, or of the Bankruptcy Court, for any intended appointment of Plaintiff's counsel as the Trustee's own legal representative. Absent these critical steps, as coupled with any required showing that the Trustee may adequately represent the putative class members, this case necessarily enters a period of quiescence. To do otherwise, particularly in the absence of any exigent showing, would be to condone the unauthorized exercise of this Court's jurisdiction.

Candidly, counsel for the Plaintiff advises that an indefinite period may transpire before the requisite preconditions to their employment, as counsel of record for the Trustee, may be accomplished. In view of the Defendants' presently stated intention to challenge the propriety of the Trustee's appearance, as the representative of the putative class, the foreseeability of an indefinite delay becomes more inescapable. Faced with a claim, as to which there is no current party with standing to lawfully prosecute, we are presented with no responsible alternative than to stay discovery until the procedural

deficiencies, which we have partially identified, have been remedied.[2]

Accordingly, we grant the Defendants' Motion for a stay of discovery, but only until such time as Halvorson appears in this action as the real party in interest. If delay there be, then the length of any inactivity will be well within the control of the Trustee, and of the parties-Defendant. Nevertheless, to assure that this action does not slip into stagnancy, unless the parties draw our attention to this file, by Motion or otherwise, **within sixty (60) days of the date of this Order,** we direct that counsel of Record arrange for a telephone conference call, at the expiration of that time, in order that we may jointly address the then current status of the case.

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendants' Motion to Stay Discovery [Docket No. 148] is GRANTED.

2. That, in the event that no action is taken in this file **within sixty (60) days of the date of this Order,** counsel of Record shall arrange for a conference telephone call, in order that we may jointly address the then current status of this case.

### MEMORANDUM ORDER

#### I. *Introduction*

This matter came before the Court upon the Plaintiff's request, pursuant to Local Rule 7.1(g), for a reconsideration of our decision of December 2, 1997, which granted the Defendants' Motion to temporarily stay discovery in this matter.

A Hearing on the Motion was conducted on January 2, 1997, at which time the Plaintiff appeared by Kent M. Williams, Esq.,[1] the Defendants Up North Plastics, Inc., and Poly America, Inc., appeared by Frank R. Berman, Esq., and the Defendant Ag–Bag International Limited appeared by John D. French, Esq.

For reasons which follow, we grant the Motion to Reconsider, but we continue the temporary stay of discovery.

#### II. *Discussion*

In urging a reconsideration, the Plaintiff heavily relies upon a convergence of Rule 25(c), Federal Rules of Civil Procedure, and Rule 6009, Bankruptcy Rules, to vest the Bankruptcy Trustee with authority to proceed on the Plaintiff's claim, without Bankruptcy Court intervention. In relevant part, Rule 25(c) provides as follows:

In case of any transfer of interest, the action **may** be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

[Emphasis added].

In turn, Rule 6009 states:

With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

As argued by the Plaintiffs, since Rule 6009 does not require prior Court approval in order to allow the Trustee to prosecute the Plaintiff's claim, as it has been transferred to the Bankruptcy Estate, there is no cause for

---

**2.** We take no comfort from counsel for the Plaintiff's suggestion that we allow discovery to proceed with the proviso that any *ultra vires* acts can be rectified by subsequent ratification, or from the Trustee's implicit suggestion that the case proceed, without any appearance by the bankruptcy estate as a real party in interest. Expedience, at the expense of due process, is not a tempting exchange.

**1.** Given the rulings of both our Order of December 2, 1997, and of this Memorandum Order, we treat the Plaintiff's appearance, through counsel, as a special appearance, since the Plaintiff no longer is the "real party in interest"—unless the Bankruptcy Trustee should abandon this action, and the Plaintiff should assume its prosecution—and Plaintiff's counsel has not received the *imprimatur* of the Bankruptcy Court, so as to competently act on the Trustee's behalf. For the sake of convenience, we refer to the Plaintiff's counsel as having legal standing to argue the positions of the Bankruptcy Trustee, but such standing continues to be an act of indulgence until such time as the Trustee formally appears either personally, or with Court-approved legal counsel.

staying discovery in this matter, even temporarily. We disagree.

■ In our view, Rule 25(c) contemplates the transfer of an action to a party who is competent to continue its prosecution, or its defense. If the transferee is not competent, then the discretionary "may," which is expressly incorporated within the language of the Rule, can assure that the Court, and the parties, are not inconvenienced, if not prejudiced, by an *ultra vires* continuation of a claim. Here, we do not question the capacity of the Trustee to assert the interests of the Bankruptcy Estate and, in that sense, the Trustee is competent to assume the transfer of the action. Where we part company with the Plaintiff is in his belief that, from a totally disassociated stance, the Trustee can direct the conduct of this litigation, apparently by virtue of Rule 6009.

■ We concede that the Plaintiff's position is not without some support, but we respectfully decline to follow that support as not persuasive. In addressing a related, but distinctly different circumstance, the Court, in *Merchants & Farmers Bank of Dumas, Arkansas v. Hill,* 122 B.R. 539, 545 (E.D.Ark.1990), observed, *mutatis mutandis,* as follows:

> Insisting that the [debtors] must jump through these hoops [such as securing the Court approval of counsel pursuant to Title 11 U.S.C. § 327] before they can proceed on the counterclaim wreaks havoc with the language of Bankruptcy Rule 6009, which expressly permits a [Trustee] to prosecute any pending action by the debtor without court approval. To say that Rule 6009 gives a [Trustee] authority to proceed in a pending action without court approval, and then to require him to get court approval before hiring attorneys or incurring any

legal expenses is utterly inconsonant. The better view is that Rule 6009 implicitly authorizes a [Trustee] to retain counsel and make reasonable expenditures in pursuing litigation assumed under the rule.

Although we wholly agree with the Court, in *Merchants & Farmers,* that there is an "inconsonance" between Rule 6009, and Section 327,[2] we do not believe that the inconsonance is resolved at the expense of a Congressional directive—indeed, we think Congress has made clear that the statutory enactment should properly govern.

As the Court of Appeals, for the First Circuit, has explained:

> The Bankruptcy Rules "govern" procedure in all bankruptcy proceedings unless inconsistent with either title 11 or title 28, United States Code. Section 247 of Public Law 95–598, 92 Stat. 2549 amended 28 U.S.C. § 2075 *** to require that procedural rules promulgated pursuant to 28 U.S.C. § 2075 be consistent with the bankruptcy statute, both titles 11 and 28 U.S.C. Thus, *** any procedural matters contained in title 11 or 28 U.S.C. with respect to cases filed under title 11 U.S.C. would control.

*Edmonston v. Murphy,* 107 F.3d 74, 76 (1st Cir.1997).

It would seem axiomatic that, where Congress has specified that approval of the Court is necessary for a Trustee to appoint legal counsel, whether generally, or for a specific purpose, a contradictory Bankruptcy Rule should not supersede. Here, we are not faced with the exigencies that confronted the Court, in *Merchants & Farmers,* and we have no reason to doubt that, in an appropriate circumstance, the approval of a Trustee-retained counsel can be retroactively conferred. Such a circumstance, however, does not present itself here.

---

**2.** As here pertinent, Section 327 provides as follows:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(e) The trustee, with the court's approval, may employ, for a specified purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

We are informed, and the Plaintiff does not dispute, that the Trustee's application to appoint Plaintiff's existing counsel has been rejected by the United States Trustee. Indeed, the United States Trustee commends a focus on settling the Plaintiff's claim before an approval of legal counsel should be considered. Given this backdrop, we entertain a fairly straightforward confutation. On the one hand, we are advised that the Bankruptcy Trustee wants the existing Plaintiff's counsel to proceed with discovery, and with the prosecution of this claim while, on the other hand, the Trustee has not made an appearance in this case, either personally or by Court-approved counsel and, it would seem, will not make such an appearance until such time as the Bankruptcy Court overrules the United States Trustee, and appoints counsel for the Bankruptcy Estate. When that should occur, if ever, is not presently ascertainable, nor can we reasonably foresee whether the existing Plaintiff's counsel will be so appointed, since that determination is squarely left to the Bankruptcy Court—as guided by the best interests of the Bankruptcy Estate, and the absence of any interests which are adverse to the debtor or the Bankruptcy Estate. See, *Title 11 U.S.C. § 327(a) and (c)*.

Until the Bankruptcy Trustee has secured the appointment of legal counsel to serve the interests of the Bankruptcy Estate, as those interests relate to this litigation, we will not favorably view the conduct of discovery by counsel who have no official status to competently bind the Trustee, the Bankruptcy Estate, or the Plaintiff.[3] Insofar as we are aware, until the Trustee makes a competent appearance in this action, current counsel for the Plaintiff will hold no greater standing than, it would appear, as one of the members of the Bankruptcy Estate's class of creditors. Accordingly, although we grant the request-

ed reconsideration, we deny the request to lift the temporary stay of discovery.

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiff's Motion [Docket No. 157] to reconsider the Court's Memorandum Order of December 2, 1997, is GRANTED.

2. That, upon reconsideration, the Plaintiff's Motion [Docket No. 57] to lift the temporary stay of discovery, which was imposed by this Court's Memorandum Order of December 2, 1997, is DENIED.

3. That, in the event that no action taken in this file **within thirty (30) days of the date of this Order,** counsel of Record shall arrange for a conference telephone call, in order that we may jointly address the current status of this case.

---

3. The parties' dispute arose in the context of third-person depositions which were scheduled to be taken, in early December, in the District of Oregon. Notwithstanding the arguments of the Plaintiff on reconsideration, we continue in the view that this Court's jurisdiction, by the service of subpoenas and otherwise, should be reserved to those who are authorized to invoke the Court's power to compel, for example, an attendance at depositions, either directly or derivatively. It would afford little comfort to one who is so compelled to relinquish his or her personal autonomy that, at some point in time, the decision to take the deposition **might** be ratified. Until the position of the Bankruptcy Trustee has been solidified, we see no practical alternative to the stay that we have directed.