*780
 
 WINTER, Chief Judge:
 

 Dr. Robert N. Kornfield and Karen E. Kornfield appeal from Chief Judge Larimer’s decision affirming the bankruptcy court’s dismissal of their Chapter 7 bankruptcy petition. The bankruptcy court dismissed the petition, pursuant to Section 707(b) of the Bankruptcy Code,
 
 see
 
 11 U.S.C. § 707(b), on the ground that it was a substantial abuse of the bankruptcy laws. On appeal, the debtors challenge several rulings of the district court. They argue that they were misled as to the issues raised, and, so misled, effectively lost their opportunity to submit evidence regarding their income and expenses. They also argue that the petition was improperly dismissed. We affirm.
 

 BACKGROUND
 

 On July 30, 1996, the Kornfields filed a petition seeking protection under the debt liquidation provisions of Chapter 7 of the Bankruptcy Code. Following the appointment of a Chapter 7 trustee (“Panel Trustee”), the Kornfields were informed that the United States Trustee — an official appointed by the Attorney General to supervise bankruptcy cases and trustees,
 
 see
 
 28 U.S.C. §§ 581-589a — was contemplating a motion to dismiss the petition on the ground of substantial abuse of the bankruptcy laws under Section 707(b), a provision that we set out in the margin.
 
 [1]
 

 The debtors’ income was and is derived from Dr. Kornfield’s medical practice as a gastroenterologist. According to Schedule I of their Chapter 7 petition, this amounted to a 1996 annualized gross income of $276,000. Their “Statement of Financial Affairs” indicated a gross income of $404,593 in 1995 and $472,445 in 1994. As to claimed exempt assets, the debtors listed on Schedule C their “interests in [IRA, ERISA, Keogh, or other] pension or profit sharing plans” with A.G. Edwards & Sons, Inc., totaling $390,216. As to debt, the debtors listed on Schedule F totaling $508,664.85 in obligations on two mortgages, and additional debt in the amount of $76,029.15.
 

 On January 6, 1997, the U.S. Trustee filed a motion to dismiss for substantial abuse, and the Panel Trustee and a creditor filed supporting papers. The Kornfields responded with papers of their own. After an oral argument, the bankruptcy court held that granting the Kornfields a discharge would constitute substantial abuse and dismissed the petition.
 
 See In re Carlton,
 
 211 B.R. 468, 480-83 (Bankr.W.D.N.Y.1997). Recognizing variations among courts as to the appropriate legal test to determine substantial abuse motions,
 
 compare Stuart v. Koch (In re Koch),
 
 109 F.3d 1285 (8th Cir.1997)
 
 with In re Krohn,
 
 886 F.2d 123 (6th Cir.1989), the bankruptcy court first addressed whether the debtors had an ability to pay their debts and then “utilize[d] a totality of the circumstances test” to determine whether any aggravating or mitigating factors existed.
 
 Carlton,
 
 211 B.R. at 476.
 

 The bankruptcy court concluded that: (i) the Kornfields had an ability to pay their debts, (ii) no factors existed that mitigated against this ability, (iii) the Kornfields were “not being honest with the Bankruptcy System” because alternatives to Chapter 7 existed, such as a consensual Chapter 11 plan, (iv) their own extravagance was a major cause of their financial distress, and (v) a discharge would constitute substantial abuse “no matter what legal standard the Court utilizes.”
 
 Id.
 
 at 483. The debtors appealed the bankruptcy court’s dismissal on numerous grounds. On November 10,1997, the district court affirmed the dismissal.
 
 See Kornfield v. Schwartz,
 
 214 B.R. 705 (W.D.N.Y.1997). The debtors again appealed and now assert various claims of error. In particular, they contend that the actions of the U.S. Trustee and the bankruptcy court denied them an opportunity to defend the propriety of their
 
 *781
 
 expenses. They also claim that the bankruptcy court improperly determined that the petition was a substantial abuse and made several procedural errors.
 

 DISCUSSION
 

 Chapter 7 of the Bankruptcy Code authorizes the discharge of an individual’s debts in exchange for liquidation of assets for the benefit of creditors. Concerned that debtors who could over time easily pay their creditors might resort to Chapter 7 to erase their legitimate obligations, Congress added Section 707(b) to the Bankruptcy Code in 1984,
 
 see In re Walton,
 
 866 F.2d 981, 983 (8th Cir.1989) (citing S.Rep. No. 98-65, at 54 (1983)). Section 707(b) authorizes courts to dismiss petitions filed by debtors if the granting of relief would constitute “substantial abuse.” 11 U.S.C. § 707(b).
 

 The Code does not define substantial abuse, and our decisions have not elaborated on its meaning. Other courts have generally adopted a “totality of circumstances test” that seeks to ascertain whether the debtor is attempting to obtain an inequitable discharge at the expense of his or her creditors.
 
 See, e.g., Green v. Staples (In re
 
 Green), 934 F.2d 568, 572 (4th Cir.1991);
 
 Krohn,
 
 886 F.2d at 126. However, a division among courts exists over the degree of emphasis to be placed upon the ability of the debtor to repay debts out of future income. Some courts view this factor as dispositive.
 
 See, e.g., Koch,
 
 109 F.3d at 1288 (“[Substantial ability to pay creditors
 
 standing alone
 
 warrants dismissal of a Chapter 7 petition for substantial abuse.”);
 
 Zolg v. Kelly (In re Kelly),
 
 841 F.2d 908, 915 (9th Cir.1988) (“[A] finding that a debtor is able to pay his debts, standing alone, supports a conclusion of substantial abuse.”); 6
 
 Collier on Bankruptcy,
 
 ¶707.04[4] (15th ed.1998) (stating ability to pay is “primary factor” courts consider). Others use a broader, multi-factored test in conducting the substantial abuse inquiry but still consider ability to pay an important factor.
 
 See First U.S.A v. Lamanna (In re Lamanna),
 
 153 F.3d 1, 5 (1st Cir.1998) (“[A] bankruptcy court may, but is not required to, find ‘substantial abuse’ if the debtor has an ability to repay, in light of all of the circumstances.”);
 
 Green,
 
 934 F.2d at 572 (“debtor’s relative solvency may raise an inference [of substantial abuse]”);
 
 Krohn,
 
 886 F.2d at 126-27 (stating that ability to repay is but one factor to consider). Even under the former approach, the debtor's personal circumstances are relevant to the determination of ability to pay,
 
 ie.,
 
 the level of income, no matter how high, does not automatically result in the dismissal of a petition as á substantial abuse.
 

 A.
 
 Opportunity to Be Heard
 

 The debtors claim that they were misled into believing that the only issue before the bankruptcy court was whether their income was so high that their petition and any consequent discharge would
 
 per se
 
 constitute substantial abuse,
 
 ie.,
 
 without regard to personal circumstances. As a result, they argue, they never perceived the need to offer evidence relevant to the totality of circumstances test actually applied by the bankruptcy court. This claim requires us to review the proceedings in that court in some detail.
 

 The debtors had a right to be heard and to offer evidence relevant to the applicable legal test. Section 707(b) requires “notice and a hearing” before a court can grant a substantial-abuse motion. Under this provision, debtors must be given an opportunity to submit evidence relevant to the court’s determination.
 

 The debtors claim to have been misled by the position taken by the U.S. Trustee. The U.S. Trustee’s substantial abuse motion does assert what is apparently a
 
 per se
 
 test for substantial abuse,
 
 [2]
 
 stating that “[s]trietly on the basis of the Debtors’ gross income, ex
 
 *782
 
 tent of exempt assets, and amount and type of debt,” their petition constituted substantial abuse. This appears to be a legal test that no court has adopted. However, the U.S. Trustee’s motion also asserted that “[i]f viewed under a totality of the circumstances approach, this case should be dismissed for substantial abuse.” This ground was based on the mainstream of the caselaw described above.
 

 The Panel Trustee and a creditor filed papers supporting the U.S. Trustee’s motion. These submissions argued that the petition should be dismissed as a substantial abuse under the totality of circumstances test and provided evidentiary materials as to the debtors’ personal circumstances in support of those arguments.
 

 The Kornfields’ counsel responded with a “Memorandum of Law” that argued that sizable income alone is insufficient support for a substantial-abuse motion. It also argued that the evidentiary submissions by the Panel Trustee and creditor were irrelevant as a matter of law because they were not submitted by the U.S. Trustee. No suggestion was made that an evidentiary hearing was necessary or even desirable.
 

 Counsel for the debtors also submitted a document entitled “Statement in Opposition.” This document advanced arguments based almost exclusively on assertions of fact relating to the debtors’ expenses and their justification, amounting to a submission of evidence relevant to a totality of circumstances test. It set out various details as to why Dr. Kornfield’s income might be expected to decrease. These included cost control measures for reimbursement to doctors, the increasing performance of certain tests by radiologists instead of gastroenterologists, and insurer-withholding of portions of reimbursements. It estimated that Dr. Korn-field’s operating expenses would stay the same or increase. The document then defended in detail the need for higher educational, living, and medical expenses resulting from the Kornfields’ childrens’ emotional and developmental problems. Finally, it defended various of the debtors’ other substantial expenses, including those for entertainment.
 

 As noted, this “Statement” was carefully prepared and based on assertions of eviden-tiary fact. Nevertheless, it was not sworn to by the debtors or anyone else. Nor was there any suggestion that debtors’ counsel desired to offer sworn evidence at a hearing.
 

 At the oral argument on the motion, the U.S. Trustee continued to maintain that the level of income by itself was dispositive, although she also referred to the totality of the circumstances and to a willingness “to get into individual items.” The colloquies between the bankruptcy court and counsel during argument were occasionally confused, as is often the case in spirited arguments. Nevertheless, the bankruptcy court never indicated that it intended to adopt the U.S. Trustee’s
 
 per se
 
 test. Indeed, the bankruptcy judge stated early in the argument that he was applying a totality of circumstances test and that he was “looking at all the circumstances,” impliedly criticizing “people [who] want to gloss over something which I consider to be somewhat significant.” It is true that the bankruptcy judge restated the
 
 per se
 
 rule at times during the argument, and it is this language that is now relied upon to support the debtors’ claim of being misled. For example, the judge stated,
 
 “I
 
 think [the U.S. Trustee] is saying it’s inconceivable that someone can’t live for a hundred and fifty-nine thousand dollars a year for three years and attempt to pay back some of their just debts.” However, it is clear in the record that the court was describing, but not adopting, the U.S. Trustee’s position. Moreover, debtors’ counsel, in the course of the hearing, made factual arguments justifying the debtors’ expenses — matters relevant under a totality of circumstances test.
 

 At the conclusion of the hearing, the judge asked counsel for the debtor to “submit something” showing that the debtor’s net income was $120,000, as counsel claimed. The judge also noted that “various positions” had been taken by the various parties and that “anybody [including the Panel Trustee and creditor] can submit anything [additional] that they want by the 25th.”
 

 The Panel Trustee responded to the court’s invitation after the hearing. He not
 
 *783
 
 ed in strong terms the failure of the debtors to provide under oath explanations of expenses, and invited the debtors “to verify any additional factual information” if they wanted the court to consider it. The debtors’ counsel ignored this invitation and submitted a perfunctory letter stating that they would rely on their prior submissions.
 

 Notwithstanding the foregoing, the debtors claim that they were denied an opportunity for an evidentiary hearing because they did not realize that a totality of circumstances test would be applied. We disagree. In fact, the motion and papers submitted by all three of their adversaries relied upon such a test. The U.S. Trustee’s motion invoked such a test in those very words, and the supporting papers filed by the Panel Trustee and creditor also relied upon that test. Counsel for the debtors was not only aware of the relevance of facts relating to the debtors’ personal circumstances under the totality of circumstances test but submitted his version of those facts in the “Statement in Opposition.” Counsel never suggested a need for any further evidentiary hearing or made a proffer of what evidence he would present at such a hearing, much less sought to introduce an affidavit or sworn testimony by the debtors verifying the factual assertions made in the “Statement.”
 

 Counsel for the debtors is seeking the best of all worlds. He argued that the evidentia-ry material supplied by the Panel Trustee and creditor was legally irrelevant and not before the court because they lacked standing to participate. He then got before the court the debtors’ factual position on future income and justifications for their expenses without the debtors having to go under oath. He now seizes on the bankruptcy judge’s description at oral argument of the position taken by the U.S. Trustee as a ruling denying an evidentiary hearing that was never requested. Counsel for the debtors never responded to the Panel Trustee’s demand for a submission under oath or to the judge’s invitation to submit something in support of the argument that Dr. Kornfield’s net income was only $120,000. Indeed, the judge’s open-ended invitation to “submit anything [you] want” on the “various positions” taken resulted only in a perfunctory letter to the court.
 

 Finally, counsel for the debtors has not told us what, if anything, he would introduce at a hearing that would add to the “Statement in Opposition” and the factual assertions made on the debtors’ behalf at oral argument in the bankruptcy court. Although the debtors claim that they were denied an opportunity to be heard, they have given no indication that they had anything else to say.
 

 B.
 
 The Merits of the Dismissal
 

 The debtors contend that the bankruptcy court improperly analyzed their financial situation in dismissing their petition for substantial abuse. We disagree. As noted, the bankruptcy court rejected the
 
 per se
 
 test sought by the U.S. Trustee and applied a totality of circumstances test that was well within the mainstream of analysis used by other circuits. We agree with that analysis. The U.S. Trustee’s
 
 per se
 
 test would not survive the first case of a frugal family with income over the designated level but with unusually large medical expenses necessary to a child’s life.
 

 We review the bankruptcy court’s factual findings for clear error, and, even after treating the facts recited in the “Statement in Opposition” as true, we find none. Whether these findings constitute substantial abuse is a matter of law and is reviewed
 
 de novo. See, e.g., Fonder v. United States,
 
 974 F.2d 996, 999 (8th Cir.1992);
 
 Green,
 
 934 F.2d at 570. We find that the debtors committed such abuse.
 

 In the instant ease, the bankruptcy court found that the debtors had incurred substantial debts largely because of an extravagant lifestyle that they declined to alter in the face of lowered income. It also found that Dr. Kornfield had an established medical practice that would yield substantial, even if diminished, future income. Noting-the lack of mitigating factors and the availability of other forms of relief, it concluded that the petition constituted substantial abuse “no matter what legal standard the Court utilizes.”
 
 Carlton,
 
 211 B.R. at 483.
 

 
 *784
 
 We do not agree that, in so concluding, the bankruptcy court improperly considered exempt assets. Even though the debtors’ pension plan may be exempt from creditors, the court was within its discretion in noting its existence in evaluating the totality of their circumstances.
 
 Cf. Koch,
 
 109 F.3d at 1289 (holding that exempt income should be treated as disposable income under Chapter 13). A totality of circumstances inquiry is equitable in nature and the existence of an asset, even if exempt from creditors, is relevant to a debtor’s ability to pay his or her debts. For example, a pension plan with substantial assets is at least relevant to a debtor’s need to put aside portions of future income to provide for old age.
 

 Nor did the court err in concluding that the $53,640 annual educational expense for the debtors’ four children was “excessive and possibly even extravagant.”
 
 Carlton,
 
 211 B.R. at 481;
 
 cf. In re Gyurci,
 
 95 B.R. 639, 643 (Bankr.D.Minn.1989) (stating that debtor should find another way to fund child’s college costs other than at expense of creditors). This conclusion was accompanied by specific findings as to the quality of public educational services in the debtors’ school. district that are not clearly erroneous.
 

 We also agree with the bankruptcy court that the debtors’ petition cannot satisfy a totality of circumstances test no matter which variation of such a test is applied. We need not, therefore, spell out in greater detail the precise content of the proper totality of circumstances test in this circuit. The record depicts debtors with substantial present and future income who have declined to adopt a lifestyle consistent with that income. Most of the present debt could have been avoided, and all of it can be repaid over time. Adequate educational services, including services tailored to special needs of some of the children, are available in the debtors’ particular community. This is a paradigm of the case that Section 707(b) was designed for: debtors enjoying a substantial income but seeking to transfer the cost of an unnecessarily extravagant lifestyle to creditors.
 

 C.
 
 Procedural Errors
 

 Finally, debtors contend that the bankruptcy court improperly allowed the Panel Trustee and a creditor to submit papers and participate at the hearing on the substantial abuse motion. Section 707(b) states that “the court, on its own motion or on motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case” for substantial abuse.
 

 While this language limits Section 707(b) motions to the court or U.S. Trustee, thereby insuring that such motions are not routinely made in every Chapter 7 case, it surely does not bar panel trustees or creditors from any participation once such a motion is made.
 

 We thus agree with the Fourth Circuit that Section 707(b) does not bar the U.S. Trustee from using information obtained from the Panel Trustee
 
 [3]
 
 or parties in interest in deciding whether to file a substantial abuse motion.
 
 See United States Trustee v. Clark (In re
 
 Clark), 927 F.2d 793, 797 (4th Cir.1991). Furthermore, nothing in Section 707(b) prohibits the participation of the Panel Trustee or parties in interest in the hearing itself. In fact, the Bankruptcy Rules themselves implicitly recognize the legitimacy of such participation. Bankruptcy Rule 1017(e) states that a case may be dismissed only “after a hearing on notice to the debtor, the trustee, the United States trustee, and such other parties in interest as the court directs.” The rules thus anticipate that these parties will participate in the hearing and submit evidence.
 

 CONCLUSION
 

 Debtors make other substantive and procedural arguments that we have examined and
 
 *785
 
 deem to be so frivolous as not to require discussion. We therefore affirm.
 

 [1]
 

 . Section 707(b) provides:
 

 After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.
 

 11 U.S.C. § 707(b).
 

 [2]
 

 . We bring to the reader’s attention the fact that the test described in the bankruptcy court's opinion as the "Per Se Rule” employed by the Eighth and Ninth Circuits is not the same as the
 
 per se
 
 test urged by the U.S. Trustee in the instant matter. The former states only that if a debtor is reasonably able to pay his or her debts, a question that requires a particularized inquiry into the debtor's personal circumstances, this alone justifies Section 707(b) dismissal; the latter states that a certain income level is sufficient to constitute substantial abuse without further inquiry.
 

 [3]
 

 . The First Circuit has found a Panel Trustee to be a "party in interest” for Chapter 7 purposes.
 
 See Edmonston v. Murphy (In re
 
 Edmonston), 107 F.3d 74, 77 (1st Cir.1997). We express no opinion on whether this is correct.