In re Toni Marie **PRALEIKAS**, Debtor.

No. 99–30784.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

April 19, 2000.

19. *Id.*

20. *Id.*

21. *Id.*

Jerry L. Phillips, Office of the U.S. Trustee, Kansas City, for Movant.

Cobb Young, Joplin, MO, for Debtor/Respondent.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The Debtor, Toni Marie Praleikas, filed for protection under Chapter 7 of the Bankruptcy Code on September 13, 1999. On December 6, 1999, the United States Trustee ("UST") filed a Motion to Dismiss for Substantial Abuse pursuant to 11 U.S.C. § 707(b). The UST's Motion alleges, *inter alia*, that (1) the Debtor's debts are primarily consumer debts; (2) the Debtor proposes to repay an unsecured debt owed to her parents in contravention of the Bankruptcy Code's policy of equal treatment of similar claims; and (3) she has the substantial ability to repay creditors. The Court held a hearing on the matter on March 31, 2000, at the Federal Courthouse in Joplin, Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157. For the reasons set forth below, I grant the United States Trustee's Motion and this bankruptcy case is hereby dismissed unless debtor moves to convert this case to one under Chapter 13 within 20 days of the entry of this opinion. The following constitutes my Findings of Fact and Conclusions of Law as required by Federal Rule of Bankruptcy Procedure 7052.

## ISSUES PRESENTED

1. UST filed its Motion to Dismiss after receiving a letter from a creditor suggesting such action. Does the receipt of such letter bar the UST from pursuing its motion?
2. Two of the debts sought to be discharged are mortgage debts relating to a residence which was foreclosed prior to bankruptcy. Does the mortgage debt constitute "consumer debt" with the meaning of 11 U.S.C. § 707(b)?
3. Would the granting of relief under Chapter 7 constitute a substantial abuse of the provisions of the Bankruptcy Code?

## DECISION

The UST conducted its own independent determination prior to filing its motion, so the fact that it was contacted by a creditor does not bar it from filing a Motion to Dismiss. There is no evidence that the mortgage loans were used for any business purpose. Since loans to purchase or maintain a home are consumer debts, the mortgage debt here is consumer debt. Finally, granting Chapter 7 relief to this debtor, which would enable her to make payments on an unsecured loan made by her parents, without paying other unsecured creditors, would constitute a substantial abuse.

## BACKGROUND

The Debtor is and has been employed as a driver for United Parcel Service since 1984. According to her Amended bank-

ruptcy Schedules, filed (subsequent to the UST's Motion) on February 28, 2000, the Debtor's monthly net income is $2,404.98, and her total expenses are $2,509.00, leaving an apparent deficit of $104.02. The Debtor's original Schedules indicate a slightly different picture; her net income was shown as $2,463.48 and her expenses as $2,422.00, leaving a total surplus of $41.48.

The Debtor's Amended Summary of Schedules shows total liabilities of $100,-316.06; $86,421.68 in secured claims and $13,894.38 in unsecured nonpriority claims. The secured claims consist of an $80,000.00 first mortgage on her former residence and a $6,000.00 lien on her automobile. The bank holding the first mortgage has already foreclosed on the property, bidding in the full amount of the debt, so there is currently nothing owed to the bank. The Debtor also had a second mortgage on her residence for $12,000.00 that she did not include on her Summary of Schedules. Because of the first mortgage holder's foreclosure, the $12,000.00 second mortgage debt is now unsecured. The Debtor's unsecured nonpriority claims consist of various consumer charge account and two personal loans, one from the Beneficial Mortgage Company and one from her parents, Bob and Emma Grubbs. The debt to her parents is scheduled as having an outstanding balance of $3,850.00. The Debtor intends to continue making payments on this loan, as shown by the $150.00 monthly payment to her parents listed on her Schedule J statement of current expenses.[1]

## DISCUSSION

Dismissal for substantive abuse is governed by 11 U.S.C. § 707, which provides in pertinent part:

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

11 U.S.C. § 707(b).

■ Therefore, in order to prevail on its motion, the United States Trustee must show: (1) that the motion to dismiss was brought by the proper party, *i.e.*, by the United States Trustee or by the Court; (2) that the Debtor's debts are primarily consumer debts; and (3) that the granting of relief (allowing the Debtor to stay in a Chapter 7 bankruptcy) would be a substantial abuse of the provisions of Chapter 7. Upon consideration of the pleadings and the arguments and evidence presented at the hearing, I find that the UST has proven every element required under 11 U.S.C. § 707(b).

1. The motion to dismiss was brought by the proper party, the United States Trustee.

The text of § 707(b) specifically provides that the UST is a proper party to bring a motion to dismiss for substantial abuse. But, at the hearing, counsel for the Debtor suggested that the motion was not properly before the Court because a creditor had sent a letter to the UST urging it to pursue the present action. In support of his argument, counsel cited the language in § 707(b) that prohibits "any party in interest," other than the UST or the Court by its own motion, from "requesting or suggesting" a dismissal based on substantive abuse. Counsel's interpretation of the statute in error.

■ Courts interpreting the language of § 707(b) have consistently held that the

---

**1.** Tr. Ex. No. 1(a). The actual balance may be lower; it appears that the Debtor has been making $150.00 monthly payments since the inception of the bankruptcy. The Trustee estimates that the present balance is closer to $2,600.00.

statute does not bar the UST from making a motion at the request or suggestion of a creditor so long as the UST makes an independent investigation and determination before filing its motion. As the Fourth Circuit stated,

> The language of section 707(b) only bars the court from dismissing a debtor's Chapter 7 petition "at the request or suggestion of any party in interest"; it does not bar the trustee from making a motion at the suggestion of a creditor, or the court from considering the motion. The phrase "but not at the request or suggestion of any party in interest" modifies what the court can do, since "the court" is the subject of the sentence. Section 707(b) imposes no such limitations on the trustee.

This interpretation is bolstered by the fact that it does not interfere with the purpose of § 707(b)'s provision that parties in interest cannot address substantial abuse motions directly to the bankruptcy court. The trustee's ability to consider suggestions by creditors will not result in harassment of debtors because the trustee must make an independent judgment about whether it is appropriate to file a § 707(b) motion to dismiss. Moreover, barring the trustee from acting at the suggestion of a creditor could have the negative effect of deterring interested persons from making relevant information available to the trustee. This could impede significantly the trustee's obligation to investigate possibilities of substantial abuse.[2]

 In this case, the UST made an independent investigation and determina-tion. In addition, the UST submitted a number of exhibits detailing its conclusions, including an analysis of the Debtor's finances and her ability to fund a Chapter 13 plan. Therefore, I find the Debtor's objection to the propriety of the UST's Motion to be without merit.

2. The Debtor's debts are primarily consumer debts.

For the purposes of § 707(b), "consumer debt" is defined as a "debt incurred by an individual primarily for a personal, family, or household purpose."[3] The term "primarily" is generally interpreted as meaning "more than half."[4] In this case, I find that the Debtor's debts are primarily consumer debts; in fact, they are all consumer debts.

There is no question that the $13,894.38 in unsecured nonpriority claims listed on the Debtor's schedules are consumer debts, and there has been no contention that the $6,000 debt secured by the Debtor's auto is not a consumer debt. The Debtor's only other debts are the two mortgages on her residence.

 Although there has been some suggestion that a debt secured by real property should not be a consumer debt,[5] the overwhelming majority of courts consider first (purchase money) mortgages on residential property to be consumer debts,[6] and second (or later) mortgages to be consumer debt, to the extent that the loan proceeds are used for non-business purposes, such as consolidating other consum-

---

**2.** *United States Trustee v. Clark* (*In re Clark*), 927 F.2d 793, 796 (4th Cir.1991); *see also, In re Stewart*, 175 F.3d 796, 804–05 (10th Cir. 1999), *Kornfield v. Schwartz* (*In re Kornfield*), 164 F.3d 778, 784 (2nd Cir.1999).

**3.** 11 U.S.C. § 101(7),

**4.** *In re Martens*, 171 B.R. 43, 44 (Bankr. N.D.Ohio 1994).

**5.** *See* 6 COLLIER ON BANKRUPTCY ¶ 707.04.[3] (Lawrence P. King, ed., 15th ed.1999), *In re Restea*, 76 B.R. 728, 734 (Bankr.D.S.D.1987).

**6.** *See e.g., Zolg v. Kelly* (*In re Kelly*), 841 F.2d 908, 912 (9th Cir.1988); *In re Tindall*, 184 B.R. 842, 844 (Bankr.M.D.Fla.1994). *See also, In re Mitchem*, 92–41639–2–7 (Bankr. W.D. Mo. Feb. 10, 1993)(unpublished)(finding a deficiency claim arising from the surrender of a personal residence to be a consumer debt).

er debt or for home improvement.[7] There is nothing in the file which in any way indicates that debtor has been engaged in any business. Because the Debtor has not presented any evidence suggesting that the proceeds of either mortgage were used for a business purpose, I find that both mortgages on the Debtor's residence are consumer debts.

3. Granting relief to this Debtor would be a substantial abuse of this Chapter.

■ The term "substantial abuse" is not defined in the Bankruptcy Code. However, the Eighth Circuit Court of Appeals has indicated that "a Chapter 7 debtor's ability to fund a Chapter 13 plan 'is the primary factor to be considered in determining whether granting relief would be substantial abuse.' "[8] Using a conservative estimate, the Court calculates that the Debtor would be able to dedicate at least $154.00 dollars a month to a Chapter 13 Plan—$150.00 from the payments currently being made to her parents in contravention of the Bankruptcy Code's policy of equal treatment of similar claims,[9] plus $125.00 from the Debtor's estimated tax refund of $1,500.00 ($125.00 monthly, prorata), *minus* the $154.00 budget shortfall shown on the Debtor's Amended Schedules. Taking into account the Chapter 13 Trustee's fees, the result would be a total of $5,540.00 in payments to creditors on a thirty-six (36) month plan.

■ The Debtor argues that there is no substantial abuse because her disposable income only fund a plan that pays $5,540.00, or approximately 20% of the her debt. I disagree. Although a number of courts have taken into consideration the percentage of a debtor's debt that could be paid from future earnings,[10] there is no bright line test. While it may be true that the higher the percentage of debt a Debtor could pay with future earnings, the more likely it is that a court would find substantial abuse, the converse is not true. Otherwise debtors would be rewarded for having more debt, rather than less. Instead of the percentage of debt, the determination of a debtor's ability to fund a Chapter 13 plan is based on a consideration of the debtor's ability to make a substantial effort in repaying his or her debts. Here, debtor plans to pay $150 per month to her parents on an unsecured loan. I find that allowing her to pay that amount to them, to the exclusion of other unsecured creditors, would be a substantial abuse of the provisions of the Bankruptcy Code. I find further that the Debtor's ability to repay at least $5,540.00 would constitute a substantial effort to pay off her Debts, and therefore, find that she has the ability to fund a Chapter 13 plan. For that additional reason, the granting of relief under Chapter 7 would be a substantial abuse.

A separate Order consistent with this Memorandum Opinion will be entered this date.

7. *Kelly,* 841 F.2d at 913; *In re Dickerson,* 166 B.R. 480, 483 (Bankr.N.D.Ga.1993).

8. *Stuart v. Koch (In re Koch),* 109 F.3d 1285, 1286 (8th Cir.1997)(quoting *In re Walton,* 866 F.2d 981, 984–85 (8th Cir.1989)).

9. *See XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443, 1449–50 (6th Cir.1994); *In re Family Health Services, Inc.,* 101 B.R. 618, 626 (Bankr.C.D.Cal.1989); *Lessig Construction, Inc. v. Schnabel Associates (In re Lessig Construction, Inc.),* 67 B.R. 436, 441 (Bankr.E.D.Pa.1986).

10. *See, e.g., Fonder v. United States,* 974 F.2d 996, 1000 (8th Cir.1992)(finding substantial abuse where debtor could repay 89% of his debts); *United States Trustee v. Harris,* 960 F.2d 74, 77 (8th Cir.1992)(finding substantial abuse where debtors could repay 156% of their debts); *In re Walton,* 866 F.2d 981, 985 (8th Cir.1989)(finding substantial abuse where debtor could repay over two-thirds of his debts).